LAND, J.
This action is a sequel to a former suit between the same parties, involving the same lot of ground, which on an exception of misjoinder was dismissed by a judgment reading as follows:
“It is ordered, adjudged, and decreed that there be judgment in favor of board of commissioners of the New Orleans levee district and the New Orleans & Northeastern Railroad Company sustaining their exceptions of misjoinder and dismissing the demands of Mr. and Mrs. John Jassen, at their costs, without prejudice to their right of action, separately against said defendants, as in case of nonsuit.”
In that suit the plaintiffs represented that they owned a certain lot of ground forming the corner of Press and. North Peters streets, measuring 23’ 5” 4”’ front on North Peters street, by a depth of 96' 5" on one side, and of 96' on the other; that in the early part of the year 1911 the levee board wrongfully and illegally entered upon said property, and constructed a levee upon the portion of said lot fronting on North Peters street, occupying the space of about one-half of said lot; that about October, 1911, the railroad company trespassed and entered forcibly upon, and appropriated to its own use, the remaining part of said lot and the brick foundation and pillars of a former building thereon which had been destroyed by fire.
Plaintiff prayed for judgment against the defendants in solido for $8,650, with interest from judicial demand, and costs.
On the face of the petition in that case the two alleged trespasses, committed at different times, by different parties, and on different portions of the lot, had no connection whatever with each other.
The present suit is based on the same alleged acts of trespass, coupled with allegations of combination and conspiracy between the two defendants to deprive the plaintiffs of their property. In the present suit plaintiffs’ claims for loss of rentals and for taxes paid are increased. There is an additional demand of $2,000 for exemplary damages. *88 Plaintiffs alleged that the property was not needed for levee purposes, and the levee board made no attempt to buy or to come to an agreement as to the value of said property. See section 5, Act No. 79 of 1898.
The defendants filed exceptions of no cause of action, misjoinder of parties, and res judicata, which were maintained, and there was judgment rejecting the demand of the plaintiffs with costs.
In his reasons for judgment the judge said:
“The court has not been requested to reserve the right of the plaintiffs, if any they have, to sue the defendants separately or render a judgment of nonsuit, and therefore has not considered this question, and has not done so.”
Plaintiffs have appealed from the judgment.
Res Judicata.
Plaintiffs contend that the dismissal of the first suit having been “as in case of nonsuit,” the judgment therefore does not constitute res judicata.
Plaintiffs further contend that the exception of misjoinder in the first suit was based on the absence of allegations that the defendants had acted with a common understanding and common purpose, or had conspired together to illegally deprive them of their property, and that, these essential allegations having been supplied in the petition in the present suit, a different cause of action has been presented.
Plaintiffs cite Succession of Herber, 119 La. 1064, 44 South. 888, where it was held, as thus expressed in the syllabus:
“It is well settled that, if a plaintiff fails on demurrer in a first action from the omission of an essential allegation in his declaration which is fully supplied in a second suit, the judgment on the demurrer in the first suit is not a bar to the second, although the respective actions were instituted to enforce the same right, for the reason that the merits of the cause as disclosed in the second declarations were not heard and determined in the first action.”
In that case the doctrine thus announced was applied to a petition to annul a bequest to a minister who attended the deceased during her last illness which omitted the essential allegation that he “was not related by consanguinity to the deceased.” The court cited Hart & Co. v. Bowie, 34 La. Ann. 325; Gould v. Railroad, 91 U. S. 526, 23 L. Ed. 416; Wells on Res Adjudicata and Stare Decisis, §§ 13, 18; Id., p. 370 et seq., §§ 446, 447.
We do not perceive that any of the cases cited by defendants overrule the Herber Case, supra, which we think is decisive of the plea of res adjudicata. It may be that plaintiffs may fail to substantiate their allegation of combination and conspiracy, but they have a right to be heard on that issue as against the defendants, alleged to be eotrespassers on their property.
On the face of the petition in this suit, all. the exceptions should have been overruled.
It is therefore ordered that the judgment below be reversed, and it is now ordered that all the exceptions filed herein by the defendants be overruled, and that this cause be remanded for further proceedings according to law; costs of appeal to be paid by defendants.
MONROE, C. J., takes no part.