**(115 So. 646)**

**No. 28571.**

**DUCRE v. MILNER.**

Jan. 18, 1928. Rehearing Denied Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

**1. Pleading** ⬅312—Petition for land in headright No. 43 annexing deed showing claim to land in section 36 of same township, district, and range held not sufficient.

In petitory action to recover land, where deed annexed to petition showed land conveyed to plaintiff and his relatives which he claimed as surviving heir was in section 36 and defendant's land which plaintiff sued to recover was in headright No. 43 of same township, range, and district, plaintiff was not entitled to recover, since deed attached to petition controlled.

**2. Pleading** ⬅312—Deed annexed to petition in petitory action to recover land controls as to recitals and description of land.

In petitory action to recover land, deed annexed to petition controls as to description of property conveyed by deed, and, unless recitals of deed give plaintiff standing in court to contest title of defendant, no allegation in petition at variance with recitals of deed can better his position.

**3. Evidence** ⬅23(2)—Court takes judicial notice that respective tracts described in petitory petition and deed attached are not adjoining.

Where deed on which plaintiff relied attached to petition, in petitory action to recover land, showed land which he claimed was in section 36, and land for which he was suing was admitted to be in headright No. 43 of same township, range, and district, court takes judicial notice of the proximity of the two tracts and of fact that they are not adjoining tracts, but that respective boundaries were some distance apart.

**4. Real actions** ⬅7(2)—Petitory action; in petitory action, where title relied on gave plaintiff no part of property, sustaining exceptions of no cause of action, and dismissal of plaintiff's suit was proper.

In petitory action to recover land, where title relied on by plaintiff did not convey to him any part of property in question, trial court properly sustained defendant's exceptions of no cause and no right of action and dismissed suit at plaintiff's cost.

O'Niell, C. J., dissenting.

Appeal from Twenty-Second Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Petitory action by Drauzin Ducre against Purnell M. Milner to recover land. From a judgment of dismissal, plaintiff appeals. Affirmed.

Hiddleston Kenner, of New Orleans, for appellant.

P. M. Milner, of New Orleans, and Harvey E. Ellis, of Covington, for appellee.

BRUNOT, J. This is a petitory action. It involves the title to 20 acres of land in section 43, Tp. 8 S., R. 13 E., St. Tammany parish. The petitioner alleges that, jointly and together with his brother and two sisters, they acquired, on May 25, 1866, by deed from Anatole L. Cousin, 940 acres of land, more or less, in the parish of St. Tammany; that the land sued for is a part of said tract, and that it is now in the corporeal possession of the defendant; that petitioner's brother and two sisters died intestate and without forced heirs; that he is their nearest surviving collateral heir and is, by operation of law, the full owner of all property they died possessed of; that the land sued for was never disposed of by petitioner or by his brother or sisters during their lifetime; and he annexes the deed under which he claims, makes it a part of his petition, and prays for citation and for a judgment decreeing him to be the owner of the property.

Defendant first excepted to the verification of the petition. The exception was sustained and the pleading was properly verified. Exceptions of no cause or right of action and an exception to the capacity of the plaintiff to sue were then filed. These exceptions were regularly assigned, evidence was heard on the exception to plaintiff's capacity to sue, both exceptions were argued, and both were sustained by the court, and the suit was dismissed.

From this judgment plaintiff appealed.

[1] The land described in plaintiff's petition is not the land which was conveyed to plaintiff and his co-owners by the deed from Anatole L. Cousin, dated May 25, 1866. A mere reading of the two descriptions conclusively demonstrates this fact. Article 1 of the petition describes the land which plaintiff alleges was conveyed to himself and his brother and two sisters by the deed of May 25, 1866, as being:

"A certain tract of land located in the parish of St. Tammany, comprising nine hundred and fifty-six acres, more or less, more particularly described and bounded as follows:

"On the west, southwest, and northeast by the meander of Bayou Lacombe; on the east, southeast, and south by the meander of Bayou Rouville; on the north and northeast by a line beginning at a point on Bayou Lacombe indicated by a pine tree bearing south seventy degrees twenty-four minutes east 39.89 chains to another pine tree; thence south seventy degrees twenty-four minutes east 97.96 chains to the stump of an oak tree on the west bank of Bayou Rouville; the said tract of land being designated on the surveys and maps prepared under the supervision of the United States Land Office, as headright No. 43, heirs of N. Ducre, in township eight south of range 13 east Greensburg district of Louisiana."

The deed itself describes the land which is conveyed by it as follows:

"Nine hundred and fifty-six and 75/100 acres of land, being in section No. 36, Tp. 8 S., R. 13 E., Greensburg Land District, La., and the improvements thereon, consisting of a dwelling house, kitchen and potato house and two other outhouses less one hundred acres of land, situated in this parish and state and bounded as follows: Commencing at a point where the Bayou Rouville intersects the Bayou Lacombe on the upper side the said Bayou Rouville forming the western or lower boundary of the said land and fronting on Bayou Lacombe the other lines or boundaries to be determined by a survey to be hereafter made, with the buildings and improvements thereon situated, etc. Also less twenty acres sold to Dr. Dubourg more or less with the further reservation of two hundred and sixty-seven acres more or less belonging to Anatole Cousin, Sr., to be determined by a survey hereafter to be made, making the quantity of land in said tract 1209 75/100 acres."

[2] The deed annexed to the petition controls as to the description of the property conveyed by it. This deed is the basis of plaintiff's suit. His claim must stand or fall upon its recitals, and, if its recitals do not give the plaintiff a standing in court to contest the title of the defendant to the property involved in this suit, no allegation in the petition at variance with the recitals of the deed can better his position. The land conveyed to plaintiff, his brother, and two sisters, by the deed annexed to the petition, is in section 36, Tp. 8 S., R. 13 E., Greensburg land district, La., while the defendant's land, which plaintiff is suing to recover, is admittedly in headright No. 43 of the same township, range, and district. It is clear that defendant's land was not a part of, but is, a separate and distinct tract from the lands conveyed to plaintiff and his co-owners by the deed of May 25, 1866.

[3, 4] The court may be permitted to take judicial notice of the two tracts, with respect to their proximity, and to say that they are not adjoining lands, but the respective boundaries of the tracts are some distance apart. As this is a petitory action and the title relied upon by plaintiff does not convey to him any part of the property he is suing to recover, the trial judge properly sustained the defendant's exceptions of no cause and no

right of action and dismissed the suit at his cost. This conclusion disposes of the case, and therefore plaintiff's capacity to sue need not be considered.

For these reasons, the judgment appealed from is affirmed, at appellant's cost.

O'NIELL, C. J., dissents.