No. 402

First Circuit

DUCRE v. MILNER

(February 13, 1929.  Opinion and Decree.)

For opinion on rehearing, see 11 La. App. 180.

Hiddleston Kenner, of New Orleans, attorney for plaintiff, appellant.

Harvey E. Ellis, of Covington, R. D. Jones, of Franklinton, and P. M. Milner, of New Orleans, attorneys for defendant, appellee.

ELLIOTT, J. Drauzin Ducre, alleging ownership of a tract of land containing 956 acres more or less, designated on the survey and maps prepared under the supervision of the United States Land Office as headright No. 43, Tp. 8 S., R. 13 E., situated in the parish of St. Tammany, and that Purnel M. Milner was in wrongful possession of a part of the tract, brought suit against Milner for the recovery of that part of the tract of which he was alleged to have possession. He alleged that the tract of land had been jointly and together acquired by himself and his brother, Toussaint Ducre, and his two sisters, Marguerite Ducre and Clarisse Ducre, from Anatole L. Cousin by title passed before John J. Mortee, ex officio notary public, on May 25, 1866, recorded April 23, 1867, in Conveyance Book F, series 2, folio 631, etc., of the Conveyance Records of the Parish of St. Tammany, which record he made a part of his petition for reference.

He alleged ownership of an undivided one-fourth of the tract in himself by virtue of said title from Anatole L. Cousin, and of the other three-fourths of the same, by inheritance from his brother and sisters.

A certified copy of the act from Anatole L. Cousin to Drauzin Ducre, Toussaint Ducre, Marguerite Ducre, and Clarisse Ducre, declared upon in the petition, was filed in the suit.

This suit was entitled Drauzin Ducre vs. Purnel M. Milner, No. 4540 on the docket of the district court of the parish of St. Tammany. It was filed September 4, 1926. The defendant Milner excepted to the demand of the plaintiff in the case, on the ground that his petition disclosed no cause or right of action. The exception was sustained, and the suit dismissed.

The plaintiff appealed to the Supreme Court, and the judgment of the lower court was affirmed in Ducre vs. Milner, 165 La. 433, 115 So. 646. The Supreme Court, in deciding the case, referring to the petition of the plaintiff said:

"This is a petitory action and the title relied upon by plaintiff does not convey to him any part of the property he is suing to recover. The trial judge properly sustained the defendant's exceptions of no cause and no right of action and dismissed the suit."

The record of the previous suit was offered in evidence in support of the exception of res adjudicata, which defendant urges against plaintiff's present demand. The petition in the previous suit shows that the plaintiff described the tract of land which he claimed to own as headright No. 43, Tp. 8 S., R. 13 E., and alleged that the possession of said Milner of which he complained consisted of a portion of said tract. But the tract conveyed by Anatole L. Cousin to the plaintiff and his brother and sisters, and upon which he based his demand against said Milner, is said in the act of conveyance to be in section 36, Tp. 8 S., R. 13 E.

The Supreme Court held: That the title upon which the plaintiff declared governed his action in the matter of the tract which he claimed to own. That he must stand or fall, upon the recitals of the act upon which he declared. That no allegations

in his petition, at variance with the deed on which he declared, could better his position.

The exception of no cause or right of action in that case was therefore actually based on the Code of Practice, art. 15, which provides that an action can only be brought by one having a real and actual interest which he pursues.

The petition of the plaintiff in that case did not allege that the tract of land, which had been conveyed by Anatole L. Cousin to the petitioner and his brother and sisters, was through clerical error on the part of the officer, before whom the act was passed, said to be in section 36, Tp. 8 S., R. 13 E., when the tract was in fact headright No. 43, Tp. 8 S., R. 13 E.

So the question presented by the petition of the plaintiff in the first case, was whether his petition, being governed by the recital of the title on which his demand was based, alleged a real and actual interest on the part of the plaintiff, in attacking the possession of Milner, alleged to be in headright No. 43. The court held that it did not.

The plaintiff alleges in the present suit:

"That Leandre Ducre, died in the Parish of St. Tammany about the year 1858, in full possession of, under a claim of title, a tract of land consisting of 956 acres more or less, lying and being in the Parish of St. Tammany, in the intersection of the Bayous Lacombe and Rouville, the eastern and northern bank of the said Bayou Lacombe, forming the western and southern boundary of the tract of land and the western bank of Bayou Rouville, forming the eastern boundary of the said tract of land. That the northern boundary of said tract of land was a line running from Bayou Lacombe in a direction south 70 degrees 15 minutes east to a point on Bayou Rouville. That Leandre Ducre, at the time of his death, had been in corporeal possession of the said tract of land lying in the intersection of Bayous Lacombe and Rouville in the Parish of St. Tammany for more than 30 years."

He alleges, in article 2, that, on the death of Leandre Ducre, the above-described tract of land was sold in his succession, and on October 8, 1860, Anatole L. Cousin became the purchaser of the same.

In article 3, he alleges that Anatole L. Cousin, by authentic act before John J. Mortee, clerk of court and ex officio notary public of the parish of St. Tammany, conveyed the same tract of land to petitioner and to Toussaint Ducre, Marguerite Ducre, and Clarisse Ducre, jointly and in indivision; your petitioner and his copurchasers becoming, by virtue of said title, each the owner of an undivided one-fourth interest in said tract of land.

And he alleges in article 4 that he has never sold or otherwise disposed of his undivided one-fourth interest in said tract of land, but still owns the same.

In article 7 he alleges:

"That in writing out and preparing the act of sale dated May 25th, 1866, whereby petitioner, Marguerite Ducre, Clarisse Ducre and Toussaint Ducre, purchased from Anatole L. Cousin, jointly and indivision, each a one fourth interest in the tract of land described in Article 1 of this petition, the Clerk of Court and Ex Officio Notary Public John J. Mortee, through clerical error or by some inadvertence or mistake, incorrectly stated in said act or deed, that the tract of land conveyed thereby, consisting of 956 superficial acres, was located in Section 36 T 8 S R 13 E. That the statement in said act of sale or deed above referred to, that said tract of land conveyed thereby was located in Section 36 T 8 S R 13 E, of said township, is necessarily wrong and erroneous, is shown conclusively by the physical fact, that Bayou Lacombe and Bayou Rouville, which

in said act or deed it is further stated, form the natural boundaries of the tract of land, are not in, and do not pass through, or bound the Section 36 of T 8 S R 13 E; but the said Bayous form the boundaries of Section 43 T 8 S R 13 E. That the said statement is further shown to be erroneous by the fact, that on the United States Survey, Section 36 T 8 S R 13 E, is a fractional Section composed of 7 lots, containing in the aggregate 302.12 acres; therefore it would be physically impossible to locate a tract of land comprising 956 acres therein."

He then alleges that P. M. Milner is in possession of a part of said tract of land described in article 1 of this petition; that the land of which he is in possession is part of the same tract which Anatole L. Cousin acquired from the succession of Leandre Ducre and part of the same tract of land which Anatole L. Cousin conveyed to petitioner and his brother and sisters, by said act before J. J. Mortee, recorded as above said.

He alleges further that the defendant has by suit and by various acts, recognized the fact that the land of which he has possession is part of the same tract, which your petitioner and his brother and sisters acquired by said title from Anatole L. Cousin.

The defendant excepted to this suit on four grounds. The third and fourth are as follows:

3. "No cause of action, founded upon the allegations of the petition, showing that the plaintiff, although alleging to have acquired defendant's property May 25th, 1866, shows that he has been out of possession of said property for sixty two years and has never made any claim to same during that period and has never paid any taxes on same."

4. "Because in the proceedings entitled Drauzin Ducre vs. Purnel M. Milner 28571

of the Docket of the Supreme Court of Louisiana, this same plaintiff, brought a petitory action against your exceptor for the same property, on the same allegation that he had acquired same by Notarial Act May 25th, 1866, before John J. Mortee, Ex Officio Notary Public. This Honorable Court having rejected the plaintiff's demand and the Supreme Court of the State of Louisiana having affirmed the judgment and dismissed the suit of the plaintiff, the same is now res adjudicata between the plaintiff, and exceptor and said judgment being final and res adjudicata, the plaintiff is now barred from bringing the same petitory action against your exceptor, on the same allegation of his acquisition of the property."

The court, giving written reasons, sustained these exceptions and dismissed the present suit. The plaintiff has appealed.

In the former suit, the plaintiff claimed one-fourth interest in the land under the title from Anatole L. Cousin and the other three-fourths by inheritance from his brother and sisters. In the present suit he claims only the one-fourth interest conveyed to him by Anatole L. Cousin. The present appeal was therefore brought before this court.

It cannot be disputed that, if the owner of a tract of land by title duly recorded discovers an error of description in his title, which operates to his prejudice, he has a right to allege it and have it corrected contradictorily with the person whose claim is in conflict with his own. Palangue vs. Guesnon, 15 La. 311; Vignie vs. Brady & Charpaux, 35 La. Ann. 561; H. & C. Newman vs. Scarborough, 115 La. 860, 40 So. 248. There are situations involving the rights of third persons who have acted on the records in good faith, which cannot be changed to the prejudice of their rights; but matters of that kind appertain to the merits. Situations of the

kind, when they exist, are not grounds for an exception of no cause of action.

Defendant advances the contention in his brief that it appears from plaintiff's petition that he has been out of possession for 62 years, and has never made any claim to the property in question during that time; that in such a situation the reformation now prayed for cannot be granted. As to the propriety of this deduction from plaintiff's averments, we express no opinion. But suppose the deduction to be a proper one, it would not, even if true, render the petition amenable to defendant's exception of no cause of action. Harang vs. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768; Bendernagel vs. Foret, 145 La. 115, 81 So. 869; Gahn vs. Brown, 160 La. 790, 107 So. 576.

Defendant seems to mainly rely on the authority of the thing adjudged. It was held in the lower court that, the former suit having been, and the present one being, based on the same title, the judgment in the previous suit, sustaining exceptions of no cause or right of action, constitutes res adjudicata to the present demand.

In the previous suit, the plaintiff did not allege in himself a right or interest which entitled him to any judgment against the defendant. In the present suit, he does allege a cause and right of action, against the defendant, and which will entitle him to a judgment, unless defendant can put forward a good defense.

And, as for the present demand, the authority of the thing adjudged, which takes place when the thing demanded is founded on the same cause of action, cannot take place under the Civil Code, art. 2286, when there has been no previous demand, founded on a cause of action. Therefore the judgment dismissing the former suit, on the ground that the plaintiff did not allege a cause or right of action, cannot be res adjudicata against a petition, which does allege a cause and right of action in the plaintiff, against the defendant. Laenger vs. Laenger, 138 La. 532, 70 So. 501; Interdiction of Giacona, 158 La. 148, 103 So. 721; Ducros vs. St. Bernard Cypress Co., 164 La. 788, 114 So. 654.

Defendant contends that the error which the plaintiff alleges in the present suit could have been urged in the previous suit; that the former judgment sustaining said exceptions of no cause or right of action is, on that account, res adjudicata to his demand in the present suit.

It is true, if a person has more than one right of action or defense tending to the same end, he must bring them all forward in time for them to be taken into account in the judgment to be rendered. But a question of that kind is not available as res adjudicata when there has been no previous demand founded on a cause of action under the terms of the law, which provides that, in order to constitute a thing adjudged, "The demand must be founded on the same cause of action."

The judgment appealed from sustained exceptions of vagueness, indefiniteness, failure of plaintiff to annex a certified copy of his title to his petition, no cause of action, and res adjudicata. The record contains a certified copy of the title in question. We think the exceptions should have been overruled. The judgment appealed from is in our opinion erroneous.

The judgment appealed from is therefore annulled, avoided, and set aside. The exceptions are now overruled, and it is ordered that this case be remanded to the lower court in order that it may be there further proceeded with as the law provides; appellee to pay the cost of the exceptions in the lower court and the cost of appeal.