(126 So. 72)

No. 30126.

**DUCRE v. MILNER.**

**In re MILNER.**

Jan. 6, 1930.

Rehearing Denied Feb. 3, 1930.

P. M. Milner, of New Orleans (Harvey E. Ellis, of Covington, of Counsel), for applicant.

Hiddleston Kenner, of New Orleans, for respondent.

O'NIELL, C. J. This suit was dismissed by the district court on a plea of res judicata and an exception of no cause of action. The plaintiff appealed to the Court of Appeal, and that court (11 La. App. 87, 120 So. 253; 122 So. 156; 11 La. App. 180, 123 So. 190) reversed the judgment of the district court, overruled the plea of res judicata and the exception of no cause of action, and remanded the case for further proceedings. The case is before us on a writ of review issued at the instance of the plaintiff.

The suit is a petitory action in which the plaintiff claims a fourth interest in a tract of land in the defendant's possession, in section or headright 43, Tp. 8 S., R. 13 E., in St. Tammany parish. The plea of res judicata is founded upon the judgment rendered by the district court and affirmed by this court in Ducre v. Milner, 165 La. 433, 115 So. 646. In that suit the same party who is plaintiff in this case sued the same party who is defendant in this case for the same tract of land of which the plaintiff is now suing for a fourth interest. The former suit was therefore between the same parties who are parties to this suit, and its object was to recover the property that is claimed in this suit; but the cause of action in the former suit was not the same as that which is alleged in this suit. The former suit was dismissed on the exception of no cause of action, because, in the deed, dated May 25, 1866, under which the plaintiff claimed title, a certified copy of which deed

was annexed to his petition, the land was described as being in section 36, Tp. 8 S., R. 13 E., and the land claimed by the plaintiff was described in his petition as being in section or headright 43, Tp. 8 S., R. 13 E., and the plaintiff did not allege that there was an error in the description given in the deed under which he claimed title, or that the land which he claimed was not correctly described in the deed, and hence the description in the deed had to prevail over the allegations of the petition.

In this suit the plaintiff alleges that it was by a clerical error on the part of the notary public that the land described in the deed dated May 25, 1866, under which he claims title, and which is in section or headright 43, was said to be in section 36; and he alleges that the error of calling the section 36 instead of 43 is manifest from the fact that the land is also described in the deed as being bounded on one side by Bayou Lacombe and on another side by Bayou Rouville, both of which bayous run through section or headright 43, and neither of which bayous is in or near section 36; and that the error is manifest from the further fact that, according to the government surveys and maps, section 36, in Tp. 8 S., R. 13 E., is a fractional section containing only 302.12 acres, whereas the tract of land described in the deed is said to contain, and does contain, 956.75 acres, of which the boundary lines are also described in the deed by courses and distances. If the plaintiff had made these allegations in his former suit, the reasons which were given for sustaining the exception of no cause of action would not have been at all appropriate. It was only because of his failure to make such allegations that the petition did not disclose a cause of action. It would be illogical to hold that a judgment sustaining an exception of no cause of action because of the failure of the plain-

tiff to make a certain necessary allegation in his petition can be the basis for a plea of res judicata in bar of a subsequent suit in which the plaintiff does make the allegation necessary to disclose a cause of action. It is only when the petition in the first suit contains such allegations or judicial admissions as to show affirmatively that the plaintiff has not a cause or right of action that the judgment rejecting his demand is a bar to a repetition of the demand in another suit. But a judgment dismissing a suit merely because the plaintiff has failed to allege that he has a cause of action, and not because he has shown affirmatively that he has not a cause of action, cannot be the basis of a plea of res judicata in bar of a subsequent suit in which the plaintiff does allege a cause of action. Laenger v. Laenger, 138 La. 532, 70 So. 501; Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654, 656. In the latter case the distinction ·was drawn thus:

"A judgment sustaining an exception of no cause of action will support a plea of res adjudicata in a second suit between the same parties for the same relief, when, for instance, it appears that in the suit in which the exception is sustained the plaintiff has alleged all the facts which he may legitimately plead, and when, notwithstanding this, the facts alleged will not, upon proof thereof, entitle him to judgment. Baker v. Frellsen, 32 La. Ann. 822; Sewell v. Scott, 35 La. Ann. 553; Laenger v. Laenger, 138 La. 532, 70 So. 501. On the other hand, if the exception of no cause of action is sustained because the plaintiff has failed to allege some fact necessary to obtain the relief for which he asks, and in a second suit he cures that defect by alleging such fact, then the judgment sustaining the exception of no cause of action will not support a plea of res adjudicata in the second· suit. Laenger v. Laenger, supra; Sander v.

New Orleans & N. E. R. Co., 139 La. 85, 71 So. 238; Woodruff v. Producers' Oil Co., 142 La. 368, 76 So. 803."

Our conclusion, therefore, is that the judgment of the court of appeal is correct in so far as the court overruled the plea of res judicata.

The exception of no cause of action, in the present suit, is founded upon the doctrine that a title deed which is properly recorded is not subject to alteration or correction at the instance of a party to the deed to the prejudice of a third party who has acquired rights by virtue of his reliance upon the public record. The doctrine is correct, of course, but is not applicable to the allegations of fact contained in the plaintiff's petition, for he alleges that the defendant is claiming title to the land in dispute by virtue of the same deed under which he (the plaintiff) claims a fourth interest in the land; that is to say, the deed dated May 25, 1866, in which the alleged error of description occurred; and the plaintiff alleges that the defendant, as plaintiff in another suit in the court in which this suit was brought, judicially admitted and alleged that his title was derived from one of the four persons who were the purchasers in the deed dated May 25, 1866, in which deed—plaintiff alleges—he also was one of the four purchasers of the property erroneously described as being in section 36, but in fact being in section or headright 43, in Tp. 8 S., R. 13 E. The plaintiff may be unable to prove these allegations, but, for the purpose of determining whether he has a cause of action, they must be taken as true. The fact that the deed under which he claims title is an ancient one is not enough to deny him his day in court. It was not necessary for him to anticipate a plea of prescription and aver that he had not lost title by prescription. An owner of property

does not lose his title by prescription by being out of possession for any length of time, unless some one else has held adverse possession long enough to acquire title by prescription. Harang v. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768; Bendernagel v. Foret, 145 La. 115, 81 So. 869.

The judgment of the Court of Appeal, overruling the plea of res judicata and exception of no cause of action and remanding the case to the district court for further proceedings, is affirmed.