## SENTELL v. TEXAS & P. RY. CO. *
### No. 4403.

Court of Appeal of Louisiana.
Second Circuit.

March 6, 1933.

See, also, 146 So. 352.

L. Percy Garrot, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff brought suit against defendant for the damage done cotton loaded on cars of defendant, spotted at plaintiff's gin. An exception of no cause or right of action was filed by defendant, based on the failure of the petition to allege a legal delivery of the cotton to defendant. The exception of no cause of action alone was sustained, which in effect overrules the exception of no right of action.

After the dismissal of this action, plaintiff filed a second suit supplementing the allegations of the first petition by adding averments to the effect that custom between the parties, under the circumstances of the transaction, constituted a delivery. This was met by a plea of res judicata based on the judgment dismissing the first suit on exception of no cause of action. The plea was sustained, and the suit dismissed. From this judgment plaintiff appeals.

A judgment dismissing a suit on an exception of no cause of action, because of insufficient allegations, is in effect a judgment of nonsuit and cannot form the basis of a plea of res judicata. Laenger v. Laenger, 138 La. 532, 70 So. 501; Banahan v. Svarva, 146 La. 906, 84 So. 200; Ducre v. Milner, 169 La. 819, 126 So. 72.

Subsequent to the filing of the plea of res judicata, but before it was passed upon, defendant filed a plea of lis pendens based upon the existence of the first suit referred to above. This plea is drawn strictly in the alternative and relief is prayed for under it only in the event the plea of res judicata is not sustained.

After rendering and signing the judgment dismissing this action on the plea of res judicata, the lower court went ahead and rendered and signed a judgment sustaining the plea of lis pendens, and again dismissed the suit. From this judgment plaintiff also appealed.

This second judgment is a nullity for the reason that the suit already having been dismissed, the court was without power to render it.

The judgment sustaining the plea of lis pendens and dismissing plaintiff's suit is decreed a nullity and of no force and effect.

The judgment sustaining the plea of res judicata and dismissing plaintiff's suit is reversed, and the case remanded to be proceeded with according to law.