150 So.2d 660 (1963)
PITTSBURGH PLATE GLASS COMPANY, Plaintiff and Appellee,
v.
Edwin C. WOODCOCK, d/b/a Able Insulation Company, Defendant and Appellee,
Kenneth B. F. Streater, Jr., and Aveno J. Mello, Intervenors and Appellants.
No. 777.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1963.
*661 Charles C. Broussard, Sulphur, for intervenors-appellants.
Bass & Lawes, by Louis Cunningham, Jr., John R. Stewart, Lake Charles, for plaintiffs-appellees.
Before FRUGÉ, CULPEPPER and HOOD, JJ.
HOOD, Judge.
This action was originally instituted as a suit on an open account by Pittsburgh Plate Glass Company against Edwin C. Woodcock, a non-resident of the State of Louisiana, and as an incident to the suit plaintiff obtained a writ of attachment. Pursuant to that writ property owned by the defendant was seized, and following this attachment the appellants, Kenneth B. F. Streater, Jr., and Aveno J. Mello, intervened. Streater, alleging in his intervention that he is a creditor of Woodcock and that the debt is secured by a previously recorded mortgage affecting the seized property, contends that he is entitled to be paid by preference out of the proceeds of the sale of such property. Mello alleges that he is the owner of the attached property, having purchased it from Woodcock before the attachment was issued, and he demands that the attachment be set aside.
Plaintiff filed exceptions of no cause of action to these interventions, and it also filed a motion for a summary judgment dismissing the demands of the intervenors. In due course a hearing was held on this motion, and after such hearing a summary judgment was rendered by the trial court dismissing the interventions, with prejudice. Streater and Mello have appealed from that judgment.
This suit was instituted on August 18, 1961, and on the same date a writ of attachment *662 was authorized and was issued directing the sheriff to seize the following described property, situated in Calcasieu Parish, Louisiana, to-wit:
Commencing on North side of Highway #90, 450 feet West of East line of Southwest quarter of Northwest quarter (SW ¼ of NW ¼) of Section 36, Township 9 South, Range 10 West, then West 50 feet, North 172 feet, East 50 feet and South 172 feet to commencement.
Commencing on North side of Highway #90, 400 feet West of East line of Southwest quarter of Northwest quarter (SW ¼ of NW ¼) of Section 36, Township 9 South, Range 10 West, thence West 50 feet, North 172 feet, East 50 feet and South 172 feet to commencement
Pursuant to this writ the above-described property was seized by the sheriff, and a notice to the effect that such a seizure had been made and also a notice of Lis Pendens were promptly filed in the Mortgage Records of Calcasieu Parish. No issue is raised in this suit as to the regularity or legality of the procedure which was followed in obtaining and executing this writ of attachment.
The evidence further shows, however, that on March 1, 1961, which was several months before the above-mentioned writ of attachment was issued, Woodcock executed an act of mortgage in favor of appellant Streater, and that mortgage was filed for record in the Mortgage Records of Calcasieu Parish on about the same day. The mortgage purports to affect the following described property situated in Calcasieu Parish, Louisiana, to-wit:
Commencing at a point on the North right-of-way line of U. S. Highway #90, five hundred (500) feet West of East line of the Southwest Quarter of the Northwest Quarter (SW ¼ of NW¼) of Section Thirty-six (36), Township Nine (9) South, Range Ten (10) West, Calcasieu Parish, Louisiana, thence North one hundred seventy-two (172) feet, more or less, to the South right-of-way line of railroad; thence West along the South right-of-way line of railroad one hundred (100) feet; thence South one hundred seventy-two (172) feet, more or less, to the North right-of-way line of U. S. Highway #90; thence East one hundred (100) feet along North right-of-way line of U. S. Highway #90 to the point of commencement, together with all buildings and other improvements thereon situated.
Although the property described in this act of mortgage is located adjacent to the property which was attached in this suit, it is apparent that the mortgage clearly and accurately describes an entirely different tract of land from that which was later seized by plaintiff. Appellants have shown that actually the mortgage contained an erroneous description, and that the parties in executing it intended to describe and to encumber the same property as that which was later attached.
On April 3, 1961, which also was before the attachment was issued, defendant Woodcock executed a warranty deed purporting to convey to appellant Mello the same tract of land as that described in the mortgage. Although the record shows that the parties by that deed actually intended to convey the property which plaintiff has seized in this suit, the deed nevertheless purports to convey an entirely separate, but adjoining, tract. This warranty deed was recorded in the Conveyance Records of Calcasieu Parish in May, 1961.
After the property involved in this suit had been seized under the writ of attachment issued on August 18, 1961, appellants discovered that the descriptions contained in the mortgage and in the warranty deed were erroneous, so shortly thereafter they obtained corrective instruments showing that the parties to both of those documents had intended for them to affect the *663 land which had been attached rather than the property described in the original mortgage and deed. The corrected mortgage and the corrected warranty deed were filed for record on August 23, 1961, after the writ of attachment had been executed.
The trial judge, applying the public records doctrine as set out in McDuffie v. Walker, 125 La. 152, 51 So. 100, and Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197, dismissed the interventions on the ground that the descriptions contained in the previously recorded mortgage and warranty deed were not sufficient to place plaintiff on notice that those documents were intended to affect the attached property.
Appellants, however, contending that the trial judge erred, argue that plaintiff was charged with knowledge of all recorded instruments affecting the seized property, and that "in the ordinary course of examination" of the public records plaintiff should have discovered that the mortgage and deed were intended to affect the property which was attached. They point out that the mortgage contains the following provision:
"It is expressly understood and agreed between the parties hereto that the mortgage herein granted and accepted is a first mortgage on the East fifty (50) feet and a second mortgage on the West fifty (50) feet of property hereinabove described."
Also, in the warranty deed from Woodcock to Mello the following provision was inserted immediately after the description: "And to assume all indebtedness as due on property."
It is argued that plaintiff was legally bound to ascertain and to determine the effect of all information on the public records, and that if plaintiff had searched the records of Calcasieu Parish, it would have discovered that Woodcock did not own the property described in the previously recorded mortgage and warranty deed, but that he did own the tract of land which was attached, and that this information should have served as sufficient notice to plaintiff that the mortgage and warranty deed were intended to affect the seized property. Further, appellants argue that the provision in the mortgage to the effect that it was to be a second mortgage as to a part of the property should have placed plaintiff on inquiry as to the first mortgage, and that a search would have revealed that the first mortgage affected the seized property and thus that the parties had intended to encumber the attached property. Finally, appellants contend that the provision in the warranty deed that the purchaser was to "assume all indebtedness as due on property" should have placed plaintiff on notice that the property was affected by a mortgage, and a search of the records for such a mortgage would have revealed that the mortgage and the deed in favor of appellants were intended to affect the attached property.
The jurisprudence of this state has been established to the effect that a party dealing with immovable property need look only to the public records and, if such records do not show the recordation of any adverse claim sufficient to put such third party on notice, he obtains a good title notwithstanding that he may have had knowledge of defects therein. McDuffie v. Walker, supra; Quatre Parish Co. v. Beauregard Parish School Board, supra; Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481; Strange v. Robinson, La.App. 2 Cir., 189 So. 338.
It also is settled that all persons have constructive notice of the existence and contents of recorded instruments affecting immovable property, and that where an instrument contains language which fairly puts a purchaser on inquiry as to the title of the property which he intends to buy, and he does not avail himself of the means and factilities at hand to obtain knowledge of the true facts, he is to be considered as having bought at his own risk and peril. Brown v. Johnson, La.App. 2 Cir., 11 So.2d *664 713 (Cert. denied); Wise v. Watkins, 222 La. 493, 62 So.2d 653; Wells v. Joseph, 234 La. 780, 101 So.2d 667; Blevins v. Manufacturers Record Publishing Company, 235 La. 708, 105 So.2d 392. The registry of a mortgage or deed describing a tract of land entirely different from that intended to be affected, however, does not serve as notice of such mortgage or sale to third persons buying on the faith of the public records, unless the description contained in the previously recorded mortgage or deed is sufficient to put the third person on notice that such instrument was intended to affect the property being purchased by him. Quatre Parish Co. v. Beauregard Parish School Board, supra; White v. Ouachita Natural Gas Co., 177 La. 1052, 150 So. 15.
In Quatre Parish Co. v. Beauregard Parish School Board, supra, the Supreme Court held that a third party purchasing a tract of land on the faith of the public records would not be considered as having had notice of a previously recorded tax deed which was intended to affect that property but which contained an erroneous range number. In that case the court said:
"The determination of whether the registry of a deed containing an erroneous description is sufficient to place third persons on notice of the conveyance, depends principally upon the nature of the mistake. If the description is faulty or vague but not so inaccurate so as to be misleading, it may serve as notice to third persons, depending upon the particular wording of the act. But where, as in this case, the deed actually describes a tract of land different from that intended to be conveyed, its registration cannot be regarded as furnishing notice to third persons who subsequently acquire from the grantor under a correct description of the property.
* * * * * *
"Appellants and their authors in title were bound only by Corsey's prior alienations of the land, located in Range 8 W., to which they obtained title; no duty in law was imposed on them to determine whether Corsey owned the tract of land described in the tax deed, which lies some five or six miles from the land in contest, nor were they required to conclude that, when Corsey's land (of similar dimensions but described as being in Range 9) was adjudicated for taxes, a mistake was made in the tax deed and that the land actually intended to be adjudicated was that in Range 8." (Emphasis added).
In White v. Ouachita Natural Gas Co., supra, the Supreme Court also held that:
"Of course where the description in the recorded deed is so misleading that it actually describes accurately some other property than, that mortgaged or sold, a purchaser is not only not put on his guard thereby, but is actually put off his guard, and in such case a resort to outside evidence would have the effect not merely of making the description certain, but of actually changing the record; and this cannot be allowed." (Emphasis added).
The plaintiff in the instant suit, as the attaching creditor, must be regarded as a third person dealing with immovable property on the faith of the public records. The description contained in the previously recorded mortgage and warranty deed accurately describes a tract of land entirely different from that which was attached in this proceeding. We find nothing in the description or in the provisions of the mortgage or deed which would cause a third person to suspect that either of those documents was intended to affect the seized property. We cannot agree with appellants that plaintiff was under a duty to search the records to determine whether Woodcock actually owned the property erroneously described in the mortgage and deed. Although plaintiff was charged with having constructive notice of the mortgage and deed, the erroneous description contained in each of those documents (being an accurate description of *665 another piece of property) is so misleading as to actually put plaintiff off guard. We conclude, therefore, as did the trial judge, that the descriptions and provisions contained in the mortgage and warranty deed were not sufficient to place plaintiff on inquiry as to whether those transactions related to the seized property. In our opinion, the trial judge correctly dismissed the interventions filed by appellants, with prejudice.
For the reasons herein assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed to intervenors-appellants.
Affirmed.