TUCKER, Judge.
This is a suit in which the plaintiffs sought to be decreed the owners of certain property lying and being situated in the Parish of Assumption alternatively alleging that they were entitled to a declaratory judgment, decreeing their ownership, or to the relief granted under the possessory action, or through the petitory action. The trial judge declared the suit to be a petito-ry action on the basis that the evidence adduced at the trial showed the defendants to be in actual, physical and corporeal possession of the property. Note TR 55 in which plaintiffs-appellants seek to be declared owners of the subject tract in Assumption Parish described as Section 12, Township 15, South, Range 13 East, containing approximately 150 acres. Defendants claim ownership of the same tract, in which the only difference is that the range number in their acquisition is given as 15 instead of 13. The defendants allege this discrepancy to be a mere typographical error. As alternative defenses to a good ti- *174 tie, translative of ownership, they plead prescriptions of ten (10) and thirty (30) years. The defendants also urge the judgment of the Twenty-Third Judicial District Court, Parish of Assumption, quieting their tax title, as being protective and dispositive of their title ownership.
The trial court rendered judgment in favor of the defendants, Clarence H. Clause, Mrs. Clara C. Triche, Mrs. Phillip Bar-deaux, Leonce G. Caballero, Rene P. Caballero, Mrs. Louise C. Guillot, Numa C. Caballero, Jr., and Mrs. Faustine C. Hebert, dismissing the suit of plaintiffs, Logan H. Bagby, Jr., Romayne Seymour Baker, Doris Jikaku Noble and Guy Michael Noble.
Both plaintiffs and defendants acquired and rely upon deeds and/or conveyances from common authors in title, namely, Joseph and Villior Aucoin. It is undisputed that the tract in question was the only parcel of land which the Aucoins owned in Assumption Parish. On June 28, 1928 the subject property was sold at tax sale to Clarence H. Clause and Mrs. Numa Caballero for the failure of the Aucoins to pay the taxes levied against them for the year 1927. The public record, as depicted by this tax sale, incorrectly described the property in question as “150 acres, being Lots 1, 2, 3 and 4 of Section 12, T. 15 S.R. 15 E. — denuded”. The property actually lies in Range 13 East and not in Range 15 East. Plaintiffs claim that, since this public record description contained an error, it was not effective as to third persons.
Plaintiffs’ predecessor in title, Raymond Riesen, acquired his claim to the same tract of land by quit claim deed in 1935. This quit claim deed accurately described the property as “Lots 1, 2, 3 and 4 of Section 12, Township 15, South, Range 13 East”. (See exhibits P-1 — P-4). In 1936 the said Raymond Riesen conveyed an undivided one-fourth interest in the property to Logan H. Bagby, Jr., one of the present plaintiffs-appellants (Exhibit P-5), and in 1940, an undivided three-fourths interest in the same property to Minerva Petroleum Company (Exhibit P-6), the predecessor in title of the remaining plaintiffs, Mrs. Baker and Mr. and Mrs. Noble, who inherited it in 1951 (Exhibit P-7). All of these conveyances were properly descriptive of the property involved. The present plaintiffs did not exercise any possession or claim over the property except to file a suit similar to the present one in 1960 (which was subsequently abandoned), to grant oil, gas and mineral leases to Union Oil Company of California in 1960 (Exhibit P-9), to pay taxes, and to file the present suit.
One of the basic contentions of the defendants, the resolution of which is not essential to the outcome of this decision, is the fact that in 1949, in connection with negotiations toward leasing the land for minerals, the defendants were informed about the error in the range number contained in their tax sale description. Whereupon, the defendants retained counsel and attempted to obtain quit claims from the Aucoins and their heirs. When they were unsuccessful in this quest, defendants filed suit entitled “Mrs. Clara Solar Caballero, et al. v. Mrs. Joseph Aucoin” No. 6869 on the docket of the 23d Judicial District Court (D-15). The Aucoins and their heirs were made parties to the suit. The plaintiffs in the instant suit were not made parties, because defendants here allegedly did not know them. That suit, Docket No. 6869, was brought to quiet their tax title under the provisions of L.S. A.-R.S. 47:2228. A judgment was rendered in due course quieting the tax title and correcting the description to read “Range 13 East.” Appellants claim that this judgment does not have the effect of being res judicata to them inasmuch as they were not made parties to the suit. The parties here are met with seemingly conflicting language in the case of Stockbridge v. Martin, 162 La. 601, 110 So. 828 (1926), holding that proceedings brought under the subject statute are res judicata against all claimants, even those not parties to the suit, and the case of Uthoff v. *175 Thompson, in 176 La. 599, 146 So. 161 (1933) holding such proceedings are not res judicata against claimants not parties to the suit. Defendants seek to distinguish these two cases by pointing out that in Stockbridge as here, all of the parties had a common author in title, whereas in Uth-off there were separate and distinct chains of title in the opposing claimants. The trial judge here chose not to base his decision on the judgment in the 1950 suit, and this court agrees with the lower court that the determination should be made on the title description issue as hereinabove set forth (T.R. 57).
In like manner it will not be necessary for this court to delve into the counter positions of plaintiffs and defendants with respect to whether or not defendants have established title to the subject property under prescriptive title by their having proved the essential elements to claim the property by means of ten years’ acquisitive prescription and/or thirty years liberative prescription. It is, however, noted that the defendants produced evidence at least suggestive of the conditions and requirements necessary to meet the tests of a ten year acquisitive prescriptive title, and further, that the trial court, while not deciding the case on the basis of a thirty year prescriptive title, noted that the evidence adduced by the defendants was sufficient to adjudge that defendants had acquired a thirty year prescriptive title under the rulings in Hill v. Richey, 221 La. 402, 59 So.2d 434. Let it be clearly understood that the plaintiffs-appellants are adamant and cogent in meeting the prescriptive issues head on, and in advancing their position that the defendants have not established by the evidence offered that either prescriptive period is judicially applicable here.
Again we revert to the issue of public registry, and the determination of whether or not defendant-appellants are entitled to rely upon their tax deed admittedly containing an error in the description of the property in dispute, as conveying to them a legal and valid title unassailable by the plaintiffs. The application of the legal principles and precepts enunciated in Quatre Parish Company, Inc. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197 (1952), and other cases hereafter cited of similar import, to the facts of the instant litigation will now be confronted. Great reliance is placed by the plaintiffs on the Quatre Parish case as being supportive of their position that under the law of public registry the defendants’ tax deed correctly described property in an entirely different location from the property in dispute, and, therefore, defendants’ deed gave no notice to third parties, including plaintiffs, that the title to the property had been deraigned to defendants. The defendants counter with the contentions that the property adjudicated to them was the only tract of land owned by the Aucoins in Assumption Parish when it was assessed for the 1927 taxes; that the tract in dispute was the property intended to be conveyed by the 1928 tax deed, that the error in the range number was typographical in nature; that the description properly described and delineated the subject property as containing 150 acres, the correct lot numbers of the subdivided tract in dispute, the correct section and township numbers, whereas, the corresponding or similar tract in range 15 contained 98.68 acres; had never been subdivided; and was five to six miles distant from the property in dispute; that the tract in Range 15 had for years been assessed to Standard Sugar Company which concern had always paid taxes on this other parcel, while plaintiffs had continued since 1928 to pay taxes on the litigated property.
The court holds that the facts extant in Quatre are distinguishable from those at bar. In the Quatre case the property claimed by the plaintiff lay in Range 8, and the plaintiff’s deed properly described the land. The defendants claimed the same property under a tax deed which correctly described it with the exception that range No. 9 was used in this description. The proof showed that defendants’ tax deed actually adequately and properly de *176 scribed an entirely different tract from the parcel in dispute. Under the ruling of the Supreme Court in the cited case it was held that the registration of defendants’ tax title did not effectively place third parties, including the plaintiff, on notice that the defendants owned the property in dispute, and that under the law of public registry, even though the defective instrument was recorded, the same result obtained as if the instrument under attack had never been registered, save as to its effect between the parties to the instrument. The Supreme Court in the cited case referred to McDuffie v. Walker, 125 La. 152, 51 So. 100; Baird v. Atlas Oil Co., 146 La. 1091, 84 So. 366; Loranger v. Citizens’ Nat. Bank, 162 La. 1054, 111 So. 418 and several other cases on the same point. In substance it was further held in the Quatre case that whether or not a deed duly registered, containing an erroneous description in putting third parties on notice of the conveyance, depends primarily upon the nature of the mistake. This language appears in that case, “If the description is faulty or vague but not so inaccurate so as to be misleading, it may serve as notice to third persons, depending upon the particular wording of the act. But where, as in this case, the deed actually describes a tract of land different from that intended to be conveyed, its registration cannot be regarded as furnishing notice to third persons who subsequently acquire from the grantor under a correct description of the property”. As illustrative of this well established distinction under the jurisprudence of this state the terse analysis of same is contained in White v. Ouachita Natural Gas Co., 177 La. 1052, 150 So. 15, 17(19) as quoted in the Quatre case. A misleading description which accurately describes another piece of property throws a purchaser off his guard, and in such case a resort to outside evidence would have the effect not merely of making the description certain, but of actually changing the record, and this cannot be allowed. The majority opinion in the Quatre case further recites that no responsibility in law rested upon the plaintiffs to decide whether Corsey owned the tract of land described in the defendant’s tax deed, nor was it incumbent on plaintiffs to conclude “that, when Corsey’s land (of similar dimensions but described as being in Range 9) was adjudicated for taxes, a mistake was made in the tax deed and that the land actually intended to be adjudicated was that in Range 8”.
In his strong dissenting opinion in the Quatre case Justice Hawthorne alludes to the holding in the case of Tillery v. Fuller, 190 La. 586, 182 So. 683, 703 (1938) and says it should govern the instant case quoting the following language, “a tax sale made under an assessment in which the description of the property intended to be assessed is erroneous is not for that reason invalid if the assessment was made in the name of the owner of the property intended to be assessed and if the description in the assessment is such that the property intended to be assessed can be reasonably identified. Act No. 140 of 1890, Sec. 3, p. 180 (L.S.A.-R.S. 47-2181); Hollingsworth v. Poindexter, 156 La. 621, 100 So. 790; Nebraska-Tensas Co. v. Moritz, 157 La. 174, 102 So. 195. A tax sale made under an assessment in which the description of the property intended to be assessed is so defective that resort must be had to evidence outside of the assessment roll in order to identify the property intended to be assessed is protected by the limitation of three years if the assessment* was made in the name of the true owner, or owner of record, of the property intended to be assessed, and if the identity of the property intended to be assessed is established unmistakably by such outside evidence.” The dissenting justice considered that, though the law permitted resort to extrinsic evidence in the protection of a tax title when the peremptive period had run, in the cited case the public record disclosed the identity of the property intended to be conveyed in the tax deed without resort to outside evidence, making note of the fact that the records disclosed that the only property owned by Jules Corsey or in which he had *177 any color of title in Beauregard Parish on the dates of the assessment and tax sale was the subject tract lying in Range 8 West. Under the facts presented the dissenting justices found no application of the law as set forth in Civil Code Articles 2265 and 2266 and in the landmark case of McDuffie v. Walker, supra, stating that the assessment having been made in the name of the record owner, the clerical error was so insignificant and of such small moment that anyone examining the public records, even in a cursory manner, could have reasonably identified the property “in the tax deed as that purchased by the plaintiff. Therefore the public records themselves would have put the plaintiff on guard that its title was questionable.”
The error of calling the Range No. as 15 instead of 13, which has caused the difficulty here, while inaccurate and faulty, is not misleading, and the plaintiffs cannot justifiably contend that the registry of the tax deed from the Aucoins to the defendants failed to give public notice of the sale and that they were not bound thereby. The trial court was not compelled to resort to extrinsic evidence in its determination the defendants’ registered deed gave public notice to third parties, and its decision that the rulings in the Quatre case are not controlling in the subject litigation for the reason the facts here are that there is no tract of land in Range 15 corresponding in acreage or subdivision of lots to the tract in Range 13 owned by the defendants, which factual situation did not obtend in the cited case, is amply supported by the evidence and prevailing jurisprudence. As a matter of fact this error, contended by plaintiffs to be fatal to defendants’ cause of calling the property as lying in Range 15 East on the Assessment Roll initially occurred in 1918 and from 1923 forward this incorrect assessment continued until the return to the correct range number was effected by judgment in the hereinabove referred to suit.
This court holds that under the facts peculiar to this case the title to the property resting in defendants under the 1928 tax deed complies with all requirements of the law of public registry, and, though the description was inaccurate, such error was inconsequential, and did not mislead third parties, including the plaintiffs, but legally apprised them of defendants’ ownership of the property.
The court affirms the judgment of the district court rejecting plaintiff-appellants’ demands at their costs.
Judgment affirmed.