(100 South. 790)

Nos. 26506–26510.

## HOLLINGSWORTH v. POINDEXTER et al., and four other cases.

(May 5, 1924. Rehearing Denied by Whole Court June 7, 1924.)

*(Syllabus by Editorial Staff.)*

Taxation ☜734(2)—Inclusion in assessment by clerical error of land not claimed by plaintiff held not ground for setting aside tax sale.

Where assessment, as corrected prior to tax sale, contained all the land claimed by plaintiff in action involving attack on tax sale, the inclusion of other land not claimed by plaintiff as result of apparent clerical error, offset by omission of tracts which he did own, *held* not ground for setting aside of tax sale as to land claimed by plaintiff.

Appeal from Second Judicial District Court, Parish of Bossier; J. E. Reynolds, Judge.

Suits by G. W. Hollingsworth against Miss Jane Poindexter and others, against Mrs. Ama Ford Vance, against J. W. Elston, trustee, and others, against T. F. Bell and others, and against Wetherbee & Bliss and others. Judgments of dismissal, and plaintiff appeals. Affirmed.

Murff & Mabry, of Shreveport, and Capps, Cantey, Hanger & Short, of Fort Worth, Tex., for appellant.

Blanchard, Goldstein & Walker, of Shreveport, for appellees Poindexter, Vance, and others.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellees Elston and others.

Barksdale, Clark & Van Hook, of Shreveport, for appellees Bell and others.

J. S. Atkinson and F. E. Greer, both of Shreveport, for appellee Gulf Refining Co. of Louisiana.

Gilmer & Cousin, of Shreveport, for appellees Wetherbee, Bliss, Chandler, and Collins.

T. M. Milling and F. L. Hargrove, both of Shreveport, for appellee Standard Oil Co. of Louisiana.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. The plaintiff in these five consolidated cases sues the several defendants to be decreed the owner of some 700 acres of land situated in sections 10, 16, and 17, T. 19, R. 11, west, in Bossier parish.

As a condition precedent to plaintiff's recovery he asks the avoidance of what he styles a pretended tax sale made of said

lands in 1892 under an alleged assessment for the taxes of 1891 in the name of the Succession of A. H. Hollingsworth, Deceased. The land was bought at the tax sale by R. B. Poindexter, and two of the defendants, Helen and Jane Poindexter, claim a part of the land by inheritance from the said tax purchaser who was their father. The other defendants separately claim different parcels or subdivisions of the land by transfers and successive deeds from the tax purchaser.

The land originally belonged to A. H. Hollingsworth and his wife, Permilla Key Hollingsworth. They both died in the early '80's leaving as heirs, the plaintiff, P. D. Hollingsworth, J. B. Hollingsworth, A. H. Hollingsworth, and Lula Hollingsworth. The last three name died without issue after the death of their parents, leaving the plaintiff and P. D. Hollingsworth as the sole heirs to the estate of their father and mother.

The succession of A. H. Hollingsworth and his wife appears never to have been administered, but the heirs accepted unconditionally and paid the debts of the succession, according to the allegations of the petition.

In 1888 P. D. Hollingsworth sold to his brother, the plaintiff, his half interest in all of the lands belonging to the estate of his deceased parents; and this deed was placed of record, and, with the unregistered title by inheritance of the other half, constitutes plaintiff's muniment of title. None of the heirs ever had actual and corporeal possession of any of the lands, and they do not appear to have ever been assessed with or to have paid any taxes on the land before or since the tax sale of 1892 for the taxes of 1891.

The nullities propounded against the tax sale are: (1) That the lands were not assessed to the plaintiff for the year 1891. (2) That plaintiff had no notice of any assessment of taxes, no notice of delinquency, or of said tax sale. (3) That if it should be held that the assessment upon the tax rolls of 1891 in the name of the Succession of A. H. Hollingsworth, was such an assessment as would justify the tax sale in the name of petitioner and is binding on petitioner, then it is alleged: (4) That said assessment was too vague, uncertain, and insufficient to describe and identify the property so assessed, and a sale thereunder is absolutely null and void. (5) That said assessment carried with it. in section 6 the W. ½ of N. W. ¼ of section 16, which did not belong to either the petitioner or the Succession of A. H. Hollingsworth, but to other persons to whom it was assessed for the year 1891, and the taxes paid thereon by other persons before said pretended sale to said Poindexter was made, being a dual assessment and payment of the taxes on a portion of said land so assessed and pretended to be sold. (6) That the land was assessed confusedly with lands of others, to wit, B. F. O'Neal, and was sold confusedly with other property belonging to other persons, with no separate appraisement. (7) That, if section 16 could be substituted for section 6 and the name of G. W. Hollingsworth could be substituted for the Succession of A. H. Hollingsworth by the tax collector, then there was still a dual assessment of part of the land assessed and pretended to be sold, which renders the whole absolutely null and void, because there was a dual assessment as to the W. ½ of the N. W. ¼ of section 16; the same having been assessed the same year (1891) to B. F. O'Neal, who paid the taxes before the said sale.

All of the defendants filed exceptions of no cause of action and no right of action founded on the peremptory bar by the lapse of three years, provided in article 233, Constitution of 1898, article 233, Constitution of 1913, and section 11, art. 10, Constitution of 1921. The pleas were sustained, the suits. dismissed, and plaintiff appeals.

## Opinion.

The tax sale, the subject of attack in these suits, is the same tax sale that was involved in the suit of this Same Plaintiff v. Mrs. W. L. Schanland et al., 99 South. 613,[1] No. 25838 on the docket of this court, the opinion and decree in which suit was handed down on January 7 of the current year. The land claimed in that suit was in sections 15 and 17, and formed a part of the body of lands claimed in the instant suits. The same attack was made on the tax sale there as is made now, and the same grounds of nullity were asserted by the plaintiff as are urged in the present suits. A full discussion of these alleged nullities was made, and the authorities pertinent were cited and reviewed at length, with the result that the attack on the tax sale was held barred under the statutory limitations contained in the several Constitutions hereinbefore referred to, except as to 40 acres of the land claimed in that suit in section 15, which the court found was not included in the assessment which formed the basis of said sale, nor in the corrected assessment made by the tax collector prior to his advertisement.

The judgment in the case referred to has become final. The finding of the court, both as to the facts and the law applicable, was eminently correct, and we see no sufficient reason for going over the same ground again. We may add, however, that all of the lands which the plaintiff claims in these suits were included in the assessment as corrected by the tax collector prior to the sale, with possibly one or two exceptions in which a subdivision was included which was not owned by the tax debtor, or a parcel of the land omitted which the tax debtor did own. This fact is fully demonstrated by a comparison of the description of the lands now claimed with the description in the assessment as set out in plaintiff's petition.

[1] 155 La. 825.

In the suit against the heirs of J. W. Elston the plaintiff claims the S. E. ¼ of S. E. ¼ of section 10, T. 19, R. 11; and in the suit against George W. Wetherbee et al. the plaintiff claims the S. W. ¼ of S. E. ¼ of section 10, same township and range. There was assessed and sold the S. ½ of S. E. ¼ of section 10, T. 19, R. 11, which, of course, covered the land claimed by the plaintiff.

In the suits against Mrs. Vance, T. F. Bell et al., and Wetherbee the plaintiff claims all of section 16 except the W. ½ of N. W. ¼. All of said section was assessed and sold at the tax sale except the W. ½ of N. E. ¼. The error in omitting from the assessment the W. ½ of N. E. ¼, which plaintiff did own, and the inclusion in the assessment of the W. ½ of the N. W. ¼, which plaintiff did not own, was, to say the least, an apparent clerical error of little importance to the validity of the assessment otherwise. It is certainly not such a serious error as to justify the setting aside of a tax sale, even when such sale is not protected by the lapse of the period of limitation of the right of action.

The plaintiff owned 560 acres in section 16, and he was assessed with exactly that acreage with a correct description except as to the 80 acres mentioned. The assessment and sale may therefore be regarded as including all the land plaintiff owned in section 16.

In section 17 the plaintiff in his suit against Wetherbee claims the N. ½ of S. E. ¼ and E. ½ of N. E. ¼ of N. W. ¼, 100 acres. He had also sued for the S. E. ¼ of N. W. ¼ and the S. W. ¼ of N. E. ¼ and W. ½ of the N. E. ¼ of S. W. ¼ of section 17, making in all, claimed in section 17, 200 acres. The assessment contained exactly 200 acres in that section.

After all is said, it appears very clear that the plaintiff claims in all of the suits, including the suit against Mrs. Schanland,

880 acres, which is the exact acreage included in the assessment, less the 40 acres in section 15, which the court found in the Schanland Case was not assessed, and leaving out of consideration 80 acres, being the S. ½ of S. E. ¼ of section blank.

There can be no question, therefore, that the assessment contained and intended to contain all of the lands owned and claimed by the plaintiff in these several suits. And the tax sale conveyed—and intended to convey—all of such lands, which were comprised in one body, except the 80 acres in section 10 and the 40 acres in section 15.

We find, therefore, that, with the corrected name of the owner and the correction of section 6 by substituting the section 16, the assessment contains almost the exact acreage of land owned and claimed by the plaintiff, the correct section, township, and range, the correct description of the lands by governmental subdivisions, with but few clerical errors caused by the inclusion of one or two subdivisions which plaintiff did not own, but which is offset by the omission of an equal number of subdivisions that he did own. This was a sufficient description to identify the land belonging to the plaintiff and claimed in the suits under consideration and to furnish the legal basis for a valid tax sale. At all events, the errors complained of cannot be asserted after the lapse of three years under the articles of the Constitution heretofore referred to.

However, we repeat, the question of dual assessment and all other legal questions involved were disposed of adversely to the plaintiff in his suit against Mrs. Schanland, referred to.

For the reasons assigned, the judgment in each of the suits herein made the subject of appeal is affirmed at appellant's costs.

Rehearing refused by the WHOLE COURT.

(101 South. 1)