OVERTON, J.
 

 Jane Williams and Rhoda Bouie, the plaintiffs herein, allege that they are the true and lawful owners, in actual physical possession, of the following described property, to wit:
 

 “A certain parcel of ground situated in the parish of East Baton Rouge, Louisiana, within and near the southern limits of the city of Baton Rouge, and designated as the south half (i/js) of lot sixty-two (62) of addition to Suburb Swart, said lot sixty-two (62) having a front on the south side of Reddy' street of one hundred (100) feet by a depth of three hundred and four (304) feet between parallel lines.”
 

 Plaintiffs alsó allege that W. C. Raymond, the defendant herein, is slandering their title to said property by claiming to be the owner thereof, and by causing to be placed of record two tax sales, made to him, under which he is claiming title. They claim damages in the sum of $500 for the alleged slander.
 

 The defendant, Raymond, answered this suit by setting up title in himself to said property, less 30 feet off the northern part thereof, under the ta^' sales mentioned above, and claiming of plaintiffs rent in the sum of $30 a month for the three years immediately preceding the filing of his answer, and for like rental per month from the filing of the answer to the rendition of final judgment herein.
 

 Defendant, by setting up title in himself, converted the action from one of slander of title to a petitory action, in which he occupies the position of plaintiff, though we shall still refer to him as defendant. Plaintiffs attack the tax titles set up by defendant on several grounds, only three of which we find it necessary to. mention. These are that the property was advertised and sold in the name of Adella Jones, who was not the tax debtor nor the owner of the property, and never was the owner thereof; and, secondly, that no notice of the proposed sale of the property for taxes was sent to or received by them, and, thirdly, because it is impossible to reasonably identify the property sold from the description given in the tax deeds.
 

 It appears that lot 62 of the addition to Suburb Swart, of which the property in litigation forms a part, was acquired by Henderson Williams from William Garig and Charles G. Reddy in December, 1896. The lot has a width of 100 feeet on the south side of Reddy street by a depth of 304 feet between parellel lines. At the time Henderson Williams acquired the lot, he was married to Jane Williams, one of the plaintiffs herein. Therefore the lot, when purchased, formed part -of the community of acquSts and gains that existed between Henderson and Jane Williams. Henderson Williams, at the time of his purchase, or not long thereafter, was living in open concubinage with a woman, named Maria Collar. In June, 1898, while illicitly living with this woman, Henderson Williams executed an act which purports, on its face, to transfer to her
 
 *767
 
 Ly sale the following described property, to wit:
 

 “The south half of a certain lot of ground, ■with the buildings and improvements thereon, situated near the southern limits of the city ■of Baton Rouge, in what is known as addition to Suburb Swart, and designated on the plan thereof as lot No. 62, having a front on Reddy .street of fifty feet by a depth of three hundred and four feet more or less between parallel 'lines, acquired by present vendor fi-Qm Wm. Garig and Charles Reddy by act of sale passed 'before B. F. Bryan Not. Pub. Dec. 10, 1896.”
 

 In April, 1915, Maria Collar executed a deed which purports to transfer property to her sister-in-law, Adella Jones, described as ■follows, to wit:
 

 “A certain lot or parcel of land, with improvements thereon, near’the southern limits of the city Of Baton Rouge having a front on ■the south side of Reddy street of sixty-two feet by a depth between parallel lines of three hundred feet, being the property of this venador acquired by act of record in book ——— folio-conveyances of said parish.”
 

 In August, 1916, Maria Collar executed a ■deed to Adella Jones, the purpose of which is 'declared to be to correct the description contained in the foregoing deed to the same ven■dee, so as to show the property conveyed by that deed to be as follows, to wit:
 

 “The western one-half (%) of a certain lot or parcel of ground, together, with all the improvements thereon, situated in the Sixth ward of the parish of East Baton Rouge near the southern limits of the city of Baton Rouge in ■a suburb of said city known as addition to Suburb Swart, and designated on the plan of said ■suburb made by R. Swart, surveyor, and filed in the office of the clerk and recorder of this parish, as lot No. sixty-two (62); the western -one-half of said lot herein conveyed having a front on the south side of Reddy street of fifty (50) feet, by a depth of three hundred and four (304) feet, between parallel lines; and being the same property acquired by present vendor from Henderson Williams on the 18th day of January, 1898, as per act of record in Book 55 folio -of the conveyance record’s ■of the parish of East Baton Rouge.”
 

 In 1914, Henderson Williams died, leaving his widow, Jane Williams, and, as issue of his marriage, a daughter, Rhoda Williams, wife of George Bouie, the plaintiffs herein.
 

 After the death of Henderson Williams, Adella Jones instituted a suit against Jane Williams and Rhoda Bouie for the purpose of reforming the deed from Henderson Williams to Maria Collar, and, further, for the purposes of being decreed the owner of the part of the lot claimed by her and of recovering rent from Jane Williams and Rhoda Bouie for their alleged unlawful detention of the property which she claimed.
 

 For answer to this suit, Jane Williams and Rhoda Bouie alleged, among other things, that Adella Jones was not entitled to be decreed the owner of any part of lot 62, or to have the description contained in the deed from Henderson Williams to Maria Collar corrected, for the reason that said deed was not a sale, but a mere donation in disguise, made by Williams to his concubine, and therefore was null and void, which facts, it was averred, Adella Jones knew, when she pretended to purchase said property from Maria Collar, and hence that she acquired nothing from her, and has no valid title to any part of said lot, and therefore is without right to be decreed the owner of any part of it, or to have the said null and void deed corrected. •
 

 On the trial of that suit the relations between Henderson Williams and Maria Collar were gone into, as was also the nature of the deed from him to her, as well as the knowledge that Adella Jones had with reference to the nature of that deed and of the relations that existed between the parties to it, at the time of its execution, and at the time Maria Collar made the transfer to her. The trial court, after hearing the evidence, rejected the demands of Adella Jones, which, of course, included her demand to be recognized as the owner ’of a part of lot 62. The case was appealed to the Court of Appeal for the First Circuit. The court found that, at the time the deed was executed by Henderson Williams to
 
 *769
 
 Maria Collar, the two were living together in open concubinage; that the deed was not a sale, but a donation in disguise from Williams to his concubine; and that Adella Jones had knowledge of these facts, when Maria Collar made the transfer to her, and found, in substance, that the conveyance from Maria Collar to Adella Jones was nothing more than a simulation. Upon these findings, the court held, in effect, that Adella Jones had no title to correct, and therefore that the court was relieved of the duty of passing on her demand to correct the description in the deed from Williams to Maria Collar, and accordingly affirmed the judgment of the trial court, which, as said, not only rejected Adella Jones’ demand for the reformation of said deed, but to be declared the owner of a part of lot 62.
 

 The effect of this judgment is to recognize, not only that Adella Jones had no title to the property, involved in this litigation, but that, in so far as it appeared, the title was vested in Jane Williams and Rhoda Bouie, the plaintiffs herein, who are respectively the widow in community and the daughter of Henderson Williams. Hence, it appears that the plaintiffs herein have a clear right to attack the tax sales, set up against their claims of ownership.
 

 Some five years after the rendition of the foregoing judgment, to wit, in 1922, the sheriff and tax collector advertised for sale, for the taxes of 1921, the following described property, assessed in the name of Adelia (Adella) Jones, to wit:
 

 “S. % lot 62, 50 ft. front on S. side of Reddy street by 304 ft. addition Suburb Swart, less N. 30 ft. to Bishop, and less %2 interest to Bishop.”
 

 At the sale the defendant in the present suit bid the amount of the taxes, interest, and costs for a one-half interest in the property-offered, and a half interest therein was adjudicated to him. This is one of the sales upon which defendant relies. ■
 

 In 1924, the sheriff and tax collector also advertised for sale for the taxes of 1923, the following described property, assessed in the name of Adelia (Adella) Jonés, to wit:
 

 “South half of lot 62, 50 feet on Reddy street, less north 30 feet, less %2 interest, less % interest.”
 

 At the sale, this property was adjudicated to defendant for the taxes, interest, and costs.
 

 In our view, the descriptions in both sales, under which the property was sold for taxes, is so erroneous, and therefore uncertain, as to make it impossible to reasonably identify the property sold. With reference to the first sale it may be observed that the south half of lot 62 does not front on Reddy street, and, in fact, fronts on no street at all. Moreover, the south half has a width of 100 feet instead of 50 feet, and a depth of 152 feet, instead of 304 feet. If the south half be made to read the east half or the west half, the description might answer, but then there would be no justification in holding which half the assessor intended to assess and the tax collector intended to sell, and the situation would not be greatly improved by reference to the title deeds under which Adella Jones was claiming, especially in view of the errors of description occurring in the deed from Henderson Williams to Maria Collar to which deed reference is made in the correction deed to Adella Jones. Sufficient of what has been said, with reference to the first sale, applies to the second to bring about the same result. Since the descriptions in these sales are such as to make it impossible, under the circumstance's, to reasonably identify the property that was sold, the sales are null. Levy v. Gause, 112 La. 789, 36 So. 684; Quaker Realty Co. v. Guibilati, 136 La. 52, 66 So. 394; In re Aztec Land Co., 147 La. 572, 85 So. 634.
 

 With reference to the grounds .urged by plaintiffs relative to the making of the assessment in the name of Adella Jones, instead of in their names, and relative to the failure to
 
 *771
 
 give them notice of the intention to sell, we doubt that these grounds can be sustained, for the reason that plaintiffs did not cause to be recorded in the conveyance records, before the tax sales were made, either of the judgments which, in effect, recognized them as the owners of the property in contest here, and hence did not appear then as owners of record.
 

 Defendant idled in the lower court the plea of prescription of three years in support of the tax sales relied upon by him. Only the first of the sales had been of record sufficiently long, when these proceedings were commenced, to make the plea applicable, so far as concerns the lapse of time, and even as to that sale the plea cannot be sustained, if for no other reason, because during the period required for the running of prescription plaintiffs have been in actual possession of the property. Boagni v. Pacific Imp. Co., 111 La. 1063, 36 So. 129.
 

 The trial court rendered judgment in favor of plaintiffs recognizing them as the owners of the property, and rejecting defendant’s demand for rent, and judgment in favor of defendant reimbursing him for the taxes, interest, and costs, paid by him on account of the tax sales. The court refused to allow plaintiffs any of the damages claimed for the slander of their title. They have asked in their brief that the judgment be amended by allowing them, at least, nominal damages. However, assuming that they were originally entitled to damages, none can be allowed them now, for the reason that they have not filed an answer to the appeal praying that the judgment be amended in that respect.
 

 The judgment appealed from is affirmed.