(129 So. 118)

FEDERAL LAND BANK OF NEW ORLEANS v. HILL.

No. 30305.

May 5, 1930.

Rehearing Denied June 2, 1930.

Spearing & Mabry, of New Orleans, and J. Rush Wimberly, of Arcadia, for appellant.

R. L. Williams, of Arcadia, for appellee.

THOMPSON, J.

This is a suit by a mortgage creditor to annul a tax sale of certain lands situated in Bienville parish. The land was assessed to the owner and mortgagor, C. R. Moore, for state and parish and other taxes for the year 1924, and was sold for the nonpayment of such taxes on June 20, 1925.

The defendant, Hill, became the purchaser.

The specific grounds alleged for annulling the sale are:

(1) That the notices required by law were not given to the said C. R. Moore, the owner of said property.

(2) That the notices required by law were not given to petitioner who, at the date of the said pretended tax deed, and long prior thereto, and at the present time, held and has a mortgage on the said property to secure the indebtedness hereinabove alleged.

(3) That the advertisement announcing the intention of the sheriff to sell the said property did not appear in a legally qualified newspaper for the length of time and for the number of times required by law.

(4) That the property in question was not assessed by a true and accurate or proper description thereof and not by a description sufficient to identify the property sought to be sold.

(5) That no notice of the pretended sale of the said property was given to petitioner or to C. R. Moore, the owner of said property.

(6) That the said Moore, as the owner of said property has not taken any steps to set aside or annul the tax sale, but, on the contrary, seems to be antagonistic to the interest of petitioner as a mortgage creditor, and petitioner has the right to institute these proceedings to set aside the said pretended tax sale.

The answer admits the tax sale, but denies that the same is null for the reasons alleged by the plaintiff.

On a trial the demand of the plaintiff was rejected and its suit dismissed.

Section 11, article 10, of the Constitution of 1921, declares that all deeds of sale made, or that may be made, by the collectors of taxes, shall be received by the courts in evidence as prima facie valid sales.

The evidence introduced fails completely to sustain any of the nullities alleged against the tax sale, and in no manner rebuts the legal presumption of validity established by the Constitution.

On the contrary, it is conclusively shown that the tax debtor and owner of the property, at the time the sale was made, was notified of the delinquency in the manner as required by law. The advertisement of the sale was made in the official journal of the parish from week to week for six consecutive weeks, and more than thirty days elapsed between the first publication and the date on which the sale was made.

Counsel for plaintiff in their original brief make no effort to sustain the charges of nullity alleged against the tax sale, but confine their argument to a general attack on the good faith of the tax purchaser, which we shall consider later on.

As we have already noted, the tax debtor, Moore, was notified of his delinquency in the payment of his taxes, and the testimony of the tax collector shows that this notice was given by registered mail, as required by section 51 of Act No. 170 of 1898.

In their supplemental brief counsel for plaintiff state that the tax collector failed to make a procès verbal stating therein the names of delinquents so notified, their post office address, brief description of the property and amount of taxes, which procès verbal shall be by him signed officially in the presence of two witnesses, and by him filed in the office of the clerk of court for record and preservation. Said procès verbal to be received by the courts as evidence.

From which it is argued that no other proof of notice to the tax debtor is permissible except the said procès verbal.

Counsel, however, overlook the fact that the evidence from the tax collector that notice had been given by registered mail to Moore was elicited by counsel for plaintiff themselves. They are therefore scarcely in position to now argue that the procès verbal was the best evidence of notice.

But, be that as it may, the want of compliance with the requirement that the tax collector should make such a procès verbal was not made the basis of attack on the tax sale, and is urged in argument for the first time in the supplemental brief.

It is further contended in the supplemental brief, though not mentioned in the original brief, and not alleged as one of the causes for nullity, that the tax advertisement did not conclude with the statement:

"And in case the debtor will not point out sufficient property (the sheriff) will at once and without further delay, sell the least quantity of said property of any debtor, which any bidder will buy for the amount of the taxes, interest and costs due by said debtor."

The counsel for plaintiff introduced copies of the several advertisements in evidence, and these advertisements contain the statement above quoted.

However, the clerk of court, in copying the advertisements in the transcript, omitted the clause quoted. A supplemental transcript has been sent up by the clerk of court supplying the omissions in the original transcript. The plaintiff's counsel object to the filing of the supplemental transcript.

Counsel for appellant is charged with the duty of bringing up a correct transcript, and could hardly expect this court to permit plaintiff to take advantage of an omission by the clerk of part of a document which plaintiff introduced in evidence and to annul the sale because of the fact that the part of the advertisement as copied in the original transcript did not show a compliance with the statute.

But, aside from the fact that the advertisement as made and as introduced by the plaintiff in evidence contained a recital of that part of the statute herein quoted, the point was not made a ground for the nullity of the tax sale, was not an issue in the lower court, was not mentioned in the original brief, and was raised for the first time after the case was submitted and it was discovered that the part of the advertisement made the ground of complaint was omitted from the transcript.

It appears that the tax purchaser, Hill, had a mortgage on the land at the time the loan was made by plaintiff to the tax debtor, Moore, and at the time Moore gave the mortgage to plaintiff to secure the loan. The

mortgage of Hill was settled out of the money loaned by the plaintiff. This fact, and the further fact that Moore did not notify plaintiff that he had not paid the taxes and that the land was advertised for sale and that Moore remained in possession of the land after the tax sale, is made the basis for the argument that it would be unconscionable to permit Hill to acquire the property as against the plaintiff mortgagee.

There is no fraud or collusion between Moore and Hill alleged in the petition, and no attempt whatever was made on the trial of the case to show any such fraud or collusion. While plaintiff says in its brief that a blind man could see through the scheme without the use of X-rays, the charge of fraud in the petition, in the evidence, and in the brief is ingeniously avoided, and the court is inferentially asked, from the circumstances stated, to presume that the tax purchase was made in carrying out a fraudulent collusion between the tax purchaser and the plaintiff's mortgage debtor.

In order to annul the tax sale on this ground, the court would of necessity have to travel outside of the record made up by the pleadings and evidence and enter the field of conjecture and imagination.

The year for redeeming the property expired in June, 1926, but the tax purchaser permitted Moore to remain on the property for 1926, and for 1927 he charged him rent which was paid. In 1928 Hill rented the property to another person.

We therefore can find no basis whatever for assuming that the tax purchaser was not in good faith or that there was any fraudulent understanding with Moore that Hill should buy in the property in order to defeat the plaintiff's mortgage.

It may be a hard case for the plaintiff, but that results from the fiat of the law due to plaintiff's negligence in not looking after the taxes due and delinquent on the property of its debtors.

The plaintiff could have required the clerk of court of Bienville parish to furnish a notice of the tax sale, and thereby protected its mortgage by redeeming the property, but it failed to make the request as provided in Act No. 52 of 1922.

There is no other alternative left to the court but to affirm the judgment, and it is accordingly so ordered at appellant's cost.