57 So.2d 197

QUATRE PARISH CO. v. BEAUREGARD PARISH SCHOOL BOARD et al.

No. 40198.

Jan. 14, 1952.

Rehearing Denied Feb. 18, 1952.

Moss & Graham, Lake Charles, for plaintiff-appellant.

Kay & Kay and LeCompte & Hall, all of De Ridder, for defendants-appellees.

McCALEB, Justice.

Quatre Parish Company, Inc., claiming ownership of the S½ of the SE¼ and the S½ of the SW¼, Section 19, T. 6 S., R. 8 W. of Beauregard Parish, seeks damages

in the sum of $6362.43 against Beauregard Parish School Board and Gross & Janes Company as a consequence of the alleged illegal cutting and removal of timber from the property by defendants.[1] The defendants admit the cutting of timber by Gross & Janes Company but deny the trespass, asserting that the School Board is the true owner of the land and, as such, has rightfully sold the timber thereon to Gross & Janes Company. The School Board further pleads in reconvention for a reformation of the tax deed, by virtue of which it allegedly acquired the property, to correct an error in description of the land. It, however, acknowledges that, if its claim of ownership is not maintained and judgment is rendered against Gross & Janes Company, then the latter is entitled to a decree in warranty against it under the timber sale contract.

After a trial of the case before a jury[2] a verdict was returned in favor of defendants and, following the entry of a conformable judgment, plaintiff prosecuted this appeal. After the case had been lodged in this Court, plaintiff corporation was dissolved and the former shareholders thereof, John Albert Bel and others, were substituted as parties appellant by appropriate proceedings.

A statement of the pleadings discloses that the primary question for decision is

the ownership of the real property in suit. Appellants and the School Board deraign their titles from a common author, Jules Corsey, who procured the S½ of the SE¼ and the S½ of the SW¼ of Section 19, T. 6 S., R. 8 W. La.Mer. by patent from the United States on July 3rd 1897. Plaintiff acquired the land, as correctly described in the Corsey patent, by deed from Krause and Managan Lumber Company dated February 12th 1937, registered in the conveyance records on March 12th 1937, the latter having previously purchased by deed, containing the same description, dated September 7th 1911 (registered in the conveyance records September 13th 1911) from the widow and heirs of Jules Corsey.

The School Board's title emanates from a tax deed, dated December 21st 1901, wherein John A. Perkins, Sheriff and Tax Collector of Calcasieu Parish, adjudicated to the Calcasieu Parish School Board certain property, assessed in the name of "J. Corsey" for unpaid school taxes of 1900, described as "S.½ S.E.¼, S.½ S.W.¼, 19–6–9". This deed was registered on January 6th 1902. By act 8 of 1912, the Parish of Beauregard was created from a portion of Calcasieu Parish and the Legislature conveyed all public lands to the new parish. Hence, by virtue of that statute, the defendant School Board got the property adjudicated at the tax sale in 1901, which is described as being located in Range 9 West

---

1. L. O. Cole and Harry Burnitt were also originally named as defendants but suit was dismissed as to them prior to trial.

2. Defendants prayed for a trial by jury.

instead of Range 8 West, as designated in the Corsey patent.

The contention of the School Board is that this mistake in the range is of no consequence in view of the fact that the conveyance records reveal that the only property owned by Jules Corsey in Calcasieu Parish was located in Range 8 which otherwise contained the same sectional and township lines and numbers. And it is further maintained that, under the statutory law respecting tax sales—Sections 1, 2 and 3 of Act 140 of 1890, as amended, LSA–R.S. 47:2181, and Section 4 of the same Act, LSA–R.S. 48:2184—and the jurisprudence —Willis v. Ruddock Cypress Co., 108 La. 255, 32 So. 386 and other cases—[3] it is well settled that an error of this sort in the description is immaterial and that the conveyance is valid where the property intended to be sold can be readily identified.

Appellants do not dispute either the force of the statutory law or the jurisprudence relied on by the School Board. Indeed, they concede, for the purpose of this decision, that, as between Corsey (the tax debtor) and the School Board, the erroneous designation of the range did not deprive the latter of title to the property intended to be conveyed. They assert, however, that, since they and their authors in title were third persons purchasing on the faith of the public records, they were not put on notice by the registration of the tax deed and are not bound thereby as that deed does not describe the property which they subsequently acquired.

■ The point is well taken. It is rudimentary in our law that all sales, contracts or judgments affecting immovable property which are not recorded shall be "utterly null and void, except between the parties thereto". Articles 2265 and 2266, Civil Code. Actual notice by a purchaser of a prior conveyance of the property by the grantor cannot be regarded as the equivalent to registration in this State. McDuffie v. Walker, 125 La. 152, 51 So. 100; Baird v. Atlas Oil Co., 146 La. 1091, 84 So. 366; Loranger v. Citizens' Nat. Bank, 162 La. 1054, 111 So. 418; State ex rel. Hebert v. Recorder of Mortgages, 175 La. 94, 143 So. 15 and Martin v. Fuller, 214 La. 404, 37 So.2d 851. In the case at bar, it appears that the tax deed under which the School Board claims was duly registered in the

3. Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679; Vannetta v. Busbey, 131 La. 681, 60 So. 76; Landry v. McWilliams, 135 La. 655, 65 So. 875; Schwartzenberg v. Schwartzenberg, 138 La. 294, 70 So. 230; Hollingsworth v. Poindexter, 156 La. 621, 100 So. 790; Nebraska-Tensas Co. v. Moritz, 157 La. 174, 102 So. 195; Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274; Schultz v. Kellar, 17 La.App. 651, 136 So. 220, 223; Cannon v. Hart, La.App., 154 So. 745; Gayle v. Slicer, 188 La. 940, 178 So. 498; Tillery v. Fuller, 190 La. 586, 182 So. 683; Jackson v. Irion, 196 La. 728, 200 So. 18, 133 A.L.R. 566 and Egle v. Constantin, 198 La. 899, 5 So.2d 281.

conveyance records of Calcasieu Parish. But, since that deed described a tract situated some five or six miles distant from the land in contest (located in Range 8 W), its registry was wholly ineffective as to third persons buying on the faith of the public records.

▮▮▮▮ The determination of whether the registry of a deed containing an erroneous description is sufficient to place third persons on notice of the conveyance, depends principally upon the nature of the mistake. If the description is faulty or vague but not so inaccurate so as to be misleading, it may serve as notice to third persons, depending upon the particular wording of the act.[4] But where, as in this case, the deed actually describes a tract of land different from that intended to be conveyed,[5] its registration cannot be regarded as furnishing notice to third persons who subsequently acquire from the grantor under a correct description of the property. This distinction is well established in our jurisprudence; it is tersely stated in White v. Ouachita Natural Gas Co., 177 La. 1052, 150 So. 15, 17, thus:

"Therefore, whilst an *unrecorded* deed can have no effect whatever as to third persons, the same is not true where the deed is recorded but contains only an inaccurate or faulty description of the property but not so inaccurate or faulty as to be actually leading. Hence when the only description in a mortgage was 'one large property or tract at the corner of Orleans and Bourbon Streets' without any other boundaries given, this was held sufficient to put a purchaser on his guard. Roberts v. Bauer, 35 La.Ann. 453, citing City Bank [of New Orleans] v. Denham, 7 Rob. 39, and Ells v. Sims, 2 La.Ann. [251] 253. See, also, Lee v. Long, 166 La. 1084, 118 So. 320.

"Of course where the description in the recorded deed is so *misleading* that it actually describes accurately some other property than that mortgaged or sold, a purchaser is not only not put on his guard thereby,

4. Whether a vague description will convey notice to third persons must remain essentially a question of fact, each case depending upon the particular delineation of the land. See Daigle v. Calcasieu National Bank, 200 La. 1006, 9 So.2d 394.

In Bender v. Chew, 129 La. 849, 56 So. 1023, it was held that the recitation in the deed that the property transferred comprised 1320 acres more or less when, as a matter of fact, only 1280 acres were described, was insufficient to bind third persons notwithstanding the statement

that the land being conveyed was the same land patented to one Roots by the State of Louisiana on June 21st 1884. To the same effect, see W. B. Thompson & Co. v. McNair, 199 La. 918, 7 So.2d 184.

5. According to the record, the S½ of the SE¼ and the S½ of the SW¼ of Section 19, T. 6 S., Range 9 W., accurately describes a tract of land owned by Edgewood Land & Logging Co. Ltd. under a complete chain of title stemming from a U. S. patent.

but is actually put off his guard, and in such case a resort to outside evidence would have the effect not merely of making the description certain, but of actually changing the record; and this cannot be allowed. Ducre v. Milner, 165 La. 433, 115 So. 646; Sentell v. Randolph, 52 La.Ann. 52, 26 So. 797; Haas v. Fontenot, 132 La. 812, 61 So. 831; Roussel v. Railways Realty Co., 132 La. 379, 61 So. 409, 833; Williams v. Raymond, 163 La. 764, 112 So. 713".

So, in the case at bar, in view of the fact that the tax deed accurately describes an entirely different tract of land from that intended to be conveyed, its registry was ineffective as to third persons.

■ Counsel for the School Board earnestly argue that appellants' position should not be maintained. They say that, since the public records revealed that the only property owned by Corsey was located in Range 8 West and since the property is correctly described except as to the range, appellants and their authors in title were put on notice as a casual examination of the public records would have revealed the glaring error in the range line.

We are not in accord with this suggestion, which is unsupported by authority and disregards, we think, the fundamental necessity for strict adherence to the law of registry. Appellants and their authors in title were bound only by Corsey's prior alienations of the land, located in Range 8 W., to which they obtained title; no duty in law was imposed on them to determine whether Corsey owned the tract of land described in the tax deed, which lies some five or six miles from the land in contest, nor were they required to conclude that, when Corsey's land (of similar dimensions but described as being in Range 9) was adjudicated for taxes, a mistake was made in the tax deed and that the land actually intended to be adjudicated was that in Range 8.

Counsel for the School Board, in support of their contention that the erroneous description contained in the tax deed sufficed as notice to appellants, have cited the cases of Goertz v. Menard, La.App., 168 So. 747, Gouaux v. Beaullieu, 123 La. 684, 49 So. 285 and Willis v. Ruddock Cypress Co., supra. A reading of these authorities will readily disclose that they are inapposite for in none of them was the law of registry pertinent to the conclusion reached; it is neither mentioned nor discussed.

Being of the opinion that appellants are the lawful owners of the land, we consider the question of the damages to which they are entitled by reason of the admitted cutting and removal of timber therefrom by Gross & Janes Company under its contract with the School Board. Appellants, in their pleadings, claim the following items:

$4,000 —For damages to young timber resulting from negligence in felling and removing trees.

$1,053.83—Value of 84,306 board feet of timber.

$ 793.60—Value of 248—40 Ft. sticks of timber, and

$ 515.00—Value of 103—50 Ft. sticks of timber.

All of the totals upon which the above items are based, except the claim for damage to young timber, have been estimated on the theory that defendants were in moral bad faith, in which case they would be liable for the manufactured value of the timber without allowance of any deductions for costs and expenses. The defendants, on the other hand, declare that they are liable only for the stumpage value of the timber cut and removed and, on this score, the School Board admits that it has received from Gross & Janes Company the sum of $768.30, representing, it contends, the fair stumpage value of the timber.

We find at the outset that the proof of appellants' claim for damage to young timber resulting from the negligent cutting by Gross & Janes Company is too speculative to permit recovery. Hence, we pass on to a consideration of the other items.

■ It is settled in this State that the measure of damages allowable for the unlawful cutting of timber is the converted value of the timber without allowance or deduction for costs and expenses if the trespass has been reckless and willful. Kennedy v. Perry Timber Co., 219 La. 264, 52 So. 2d 847 and cases there cited. But it is manifest that moral bad faith does not exist in this case as the School Board had a title to the property and it is only because of its inferiority to the title of appellants that defendants are liable for trespass.

■ Since the School Board had a sufficient title to warrant the belief that it was owner, it is clear that, when it sold the timber to Gross & Janes Company, it was presumably acting in good faith and all timber cut by Gross & Janes, prior to its knowledge of the claim of ownership of Quatre Parish Company, may be said to have been cut and removed in good faith.[6] However, the record in the case shows that Quatre Parish Company formally notified the School Board of its claim to the land on three occasions, to wit, September 24th, October 23rd and November 28th. And yet, despite this, Gross & Janes Company continued to cut timber until approximately 975 trees were felled and removed. In our opinion, this places defendants in the category of trespassers in legal bad faith, which obtains when the trespasser believes himself to be the owner but should have known otherwise from information available which would have placed a reasonably prudent man on notice. Kennedy v. Perry Timber Co., supra. When it is considered that the tax deed, upon which the School Board relied, was dated December 21st 1901 and that said Board, for a period of over 45 years before the cutting had never at any time made claim to the land, we think that it acted at its peril in permitting continu-

6. Appellants claim that approximately 20 trees had been felled at that time.

ance of the timber operations after it received notice of an adverse outstanding title. Accordingly, we hold defendants in legal bad faith, rendering them liable for the converted value of the timber less the actual expenses incurred by them in its manufacture. Kennedy v. Perry Timber Co., supra, and Blanchard v. Norman-Breaux Lumber Company, Inc., 220 La. 633, 57 So.2d 211. However, we find it impossible to assess the damages to which appellants are entitled—for, while there is evidence that all of the timber cut from the land was converted into crossties, 867—6 inch ties and 2,555—7 inch ties, the record is barren of proof exhibiting either the price obtained by Gross & Janes Company for these ties or the actual cost and expenses incurred by it in converting the timber. Because of this, the case will be remanded for the purpose of permitting the parties litigant to submit any and all such evidence on the question of damages as may be proper.

The judgment appealed from is reversed and it is ordered that this cause be remanded to the district court for further proceedings conformable with the views herein expressed. The defendants are to pay all costs of the proceedings.

HAWTHORNE, Justice (dissenting).

In considering this case it is significant that the court is here dealing with the rights acquired by a party under a conventional act of sale of a tract of land as opposed to the rights acquired by an adjudicatee at tax sale, and not with the rights of two parties each claiming title by a different conventional act of sale.

The tract of land, described as the S ½ of the SE ¼ and the S ½ of the SW ¼, Section 19, Township 6 South, Range 8 West, was patented on July 3, 1897, by the United States to Jules Corsey. In 1901 under a tax sale for the unpaid taxes for the year 1900 the property was adjudicated to the school board under an assessment in the name of J. Corsey. The description in the assessment and the tax deed was correct in every respect, including the name of the tax debtor, the number of the section, the fractional portions thereof, the township, and the acreage, except that the range was given as "9" instead of "8". The error in giving Range 9 instead of Range 8 was obviously and patently a mere clerical one and nothing else.

With the above factual situation in mind, I am of the opinion that the holding of the majority in the instant case that the plaintiff-appellant was the owner of the above described property and that the school board had no title thereto (1) violates and is contrary to the provisions of our Constitution as interpreted and applied by this court for a period of more than 50 years, (2) is contrary and directly opposed to the plain meaning of LSA-R.S. 47:2181, Acts 140 of 1890 and 170 of 1898, and (3) is in direct conflict with the established jurispru-

dence of this state—all as I shall now point out.

It has been the policy of this state in the past, as shown by the constitutional provisions, statutory enactments, and jurisprudence of this court, to stabilize tax titles and to protect them from attack on the technical ground that some error occurred in the description of the property in the assessment or the tax deed, when the property by that description can be reasonably identified. Now, after this decision, tax titles will be in a state of chaos, and those holding under adjudications in which some slight clerical error has been made in the description will be at the mercy of the tax debtor and his heirs if they choose to convey the property by correct description to some third person, who under this decision would acquire a valid title against the tax purchaser and his vendees.

It has often been said by various justices of this court that one of the primary functions of the court is to stabilize the jurisprudence especially with reference to land titles so that the members of the bar in their examination of titles can inform their clients with certainty as to their rights or title to a particular tract of land. The majority opinion in this case, rather than stabilizing the jurisprudence, has directly the opposite effect, for after this decision tax titles which have heretofore under the law of this state been considered as unquestionable and accepted as such will be under a cloud and subject to attack.

Under Article 10, Section 11, of our Constitution, there exists a legal presumption that the tax sale is valid. See Federal Land Bank of New Orleans v. Hill, 170 La. 654, 129 So. 118. That article provides that "No sale of property for taxes shall be set aside for any cause except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within five years from the date of the recordation of the tax deed * * *." Similar provisions were in the Constitutions of 1913 and 1898. The period of peremption in the present Constitution is five years, whereas in prior Constitutions it was three years.

In Hollingsworth v. Poindexter, 156 La. 621, 100 So. 790, 791, decided in 1924 with Justice Thompson as the organ of the court, the property was sold under an assessment which designated it as being *situated in Section 6, when it was in Section 16*. Among the nullities propounded against the tax title was "That said assessment was too vague, uncertain, and insufficient to describe and identify the property so assessed, and a sale thereunder is absolutely null and void". In the course of the opinion the court said:

"There can be no question, therefore, that the assessment contained and intended to contain all of the lands owned and claimed by the plaintiff in these several suits. And the tax sale conveyed—and intended to convey—all of such lands * * *.

"We find, therefore, that, with * * * the correction of section 6 by substituting the section 16, the assessment contains almost the exact acreage of land owned and claimed by the plaintiff, the correct section, township, and range, the correct description of the lands by governmental subdivision * * *. This was a sufficient description to identify the land belonging to the plaintiff and claimed in the suits under consideration and to furnish the legal *basis for a valid tax sale. At all events, the errors complained of cannot be asserted after the lapse of three years under the articles of the Constitution heretofore referred to.*" (All italics mine.)

The error in the description in the instant case is no more serious than the one in that case, and the tax purchaser here should be protected by the constitutional peremption just as the tax purchaser was in that case.

In addition to the constitutional provision hereinabove quoted, the Legislature as far back as 1890 adopted a statute protecting tax titles containing errors in the description. Act 140 of 1890. The present statute, R.S. 47:2181, reads as follows:

"For the purpose of tax sales it shall be sufficient to assess and describe all property assessed in the following manner: by designating the tract or lot by the name by which it is commonly known, or by the number or letter by which it may be usually designated upon the regular assessment rolls or upon an official or private plan or sketch or by giving the boundaries or the names of the owners upon each side, or by the dimensions or description or name given in the act translating the ownership thereof, or by such other further description as may furnish the means of reasonable identification.

*        *        *        *        *        *

*"No tax sale shall be set aside or annulled for any error in description or measurement of the property assessed in the name of the owner provided the property sold can be reasonably identified.* * * *"

In Landry v. McWilliams, 135 La. 655, 65 So. 875, 877, decided in 1914 with Chief Justice Monroe as the organ of the court, this court had occasion to consider the applicability of the constitutional article and the statute of 1890 in determining the validity of a tax sale. In that case the property was assessed and described in the tax deed *as being in Township 8, when the property was actually in Township 9.* The property was assessed and sold in the name of the tax debtor, and the description in the assessment and the tax deed was accurate in every respect except that the township was designated as "8" instead of "9". In holding the tax sale to be valid this court said: "Our conclusion is that the description, according to which the land in question was advertised and sold [Township 8 instead of Township 9], was sufficient, within the language and meaning of the statute, 'to furnish the means of reasonable identification,' and that *defendant ac-*

quired a good title, which is protected from the present attack by the constitutional prescription of three years. * * *"

In the instant case, for the same reasons the description in the tax deed, which is correct in every detail except for the range number, is sufficient to furnish the means of reasonable identification. Thus the school board acquired a good title, protected from attack by the constitutional period of peremption.

In Gayle v. Slicer, 188 La. 940, 178 So. 498, 500, decided in 1938 with Chief Justice O'Niell as the organ of the court, the land was patented to one Jack Gills and described as the E ½ of the NE ¼ of Section 8, T. 17 N., R. 11 W. The assessment for the taxes of 1904, under which the land was sold, was made in the name of Jack Gayle. In this assessment the land was described as the E ½ of the *SW* ¼ instead of the E ½ of the *NE* ¼ of Section 8, T. 17, R. 11. The court in the course of the opinion cited numerous authorities and the provisions of Section 3 of Act 140 of 1890 for the rule that, if a tax sale is made under an assessment in the name of the owner of the property and if an error is made in the description of the land intended to be assessed, the tax sale made under such assessment is valid if, notwithstanding the error in the description in the assessment, the land can be identified by the description given without the necessity of resorting to evidence outside the assessment itself. In the course of that opinion this

court said: " * * * It is well settled that the identification of the land intended to be assessed, when there is an error in the description in the assessment, may be established by proof that the party in whose name the land was assessed owned only one tract of land within the area or subdivision mentioned in the assessment. Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679; In re Perrault's Estate, 128 La. 453, 54 So. 939; Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274; Close v. Rowan, 171 La. 263, 130 So. 350. * * *"

The court then pointed out that the description of the land intended to be *assessed was accurate in every respect except as to the quarter section in which the 80-acre subdivision was located; the name of the owner was given; the area of the tract, 80 acres, was stated; the subdivision of the quarter section, E½, was stated, and the number of the section and the number of the township and range were stated correctly.* The court treated the error as being insignificant, as is reflected by the following language quoted from Hollingsworth v. Poindexter, supra: " 'The error in omitting from the assessment the W. ½ of the N.E. ¼, which plaintiff did own, and the inclusion in the assessment of the W. ½ of the N. W. ¼, which plaintiff did not own, was, to say the least, an apparent clerical error of little importance to the validity of the assessment otherwise. It is certainly not such a serious error as to justify the setting aside of a tax sale, even when such sale is

not protected by the lapse of the period of limitation of the right of action'."

In the case of Tillery v. Fuller, 190 La. 586, 182 So. 683, 703, also decided in 1938, the law which should govern the instant case was clearly and concisely set forth in the following language: "* * * A tax sale made under an assessment in which the description of the property intended to be assessed is erroneous is not for that reason invalid if the assessment was made in the name of the owner of the property intended to be assessed and if the description in the assessment is such that the property intended to be assessed *can be reasonably identified.* Act No. 140 of 1890, Sec. 3, p. 180 [LSA–R.S. 47:2181]; Hollingsworth v. Poindexter, 156 La. 621, 100 So. 790; Nebraska-Tensas Co. v. Moritz, 157 La. 174, 102 So. 195. A tax sale made under an assessment in which the description of the property intended to be assessed is so defective that resort must be had to evidence outside of the assessment roll in order to identify the property intended to be assessed *is protected by the limitation of three years if the assessment was made in the name of the true owner,* or owner of record, *of the property intended to be assessed,* and if the identity of the property intended to be assessed is established unmistakably by such outside evidence. Close v. Rowan, 171 La. 263, 130 So. 350; Gayle v. Slicer, 188 La. 940, 178 So. 498. In such cases the identification of the property intended to be assessed may be confirmed by proof that the party in whose name the property was as-

sessed did not own any other property in the section or other subdivision given in the assessment. Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679; In re Perrault's Estate, 128 La. 453, 54 So. 939; Vannetta v. Busbey, 131 La. 681, 60 So. 76; Landry v. McWilliams, 135 La. 655, 65 So. 875; Pierson v. Castell Land & Harbor Co., 159 La. 158, 105 So. 274; Close v. Rowan, 171 La. 263, 130 So. 350; Gayle v. Slicer, 188 La. 940, 178 So. 498. * * *"

In Jackson v. Irion, 196 La. 728, 200 So. 18, 19, 133 A.L.R. 566, the property was sold for taxes of 1926 under the following assessment:

"Jackson, Willis
"One City Lot at Eola".

In that suit plaintiff sought to have the tax deed made to the defendant cancelled and erased from the records. To this action defendant pleaded the peremptive period provided in the Constitution. This court affirmed the judgment of the lower court sustaining defendant's plea and in the course of the opinion said:

"The jurisprudence applicable to cases of this kind was concisely stated by this court, through the Chief Justice as its organ, in a very recent case, that of Tillery v. Fuller, 190 La. 586, 182 So. 683, 704, * * *.

* * * * * *

"It would subserve no useful purpose to review the jurisprudence further. It suffices to say that the property here involved was assessed in the name of the true or record owner, and that the description on the

assessment roll and in the tax deed was such as to enable the tax purchaser to identify the property and to enable the parish surveyor to find it on the ground; and further, that the testimony taken at the trial shows that the record owner of the lot sold owned no other property in the vicinity of Eola or elsewhere in the parish."

In Close v. Rowan, 171 La. 263, 130 So. 350, 352, this court pointed out that in the case of Pierson v. Castell Land & Harbor Co., Inc., 159 La. 158, 105 So. 274, 277, this court had occasion to interpret the Constitutions of 1898 and 1913, and quoted from that opinion the following: " 'It is scarcely necessary to repeat what this court has so often taken occasion to announce, that since the Constitution of 1879 and the succeeding ones [referring to those of 1898 and 1913], where there has been an assessment of land and *a tax sale is made which describes the land in such a manner that it can be reasonably identified, the peremption of three years provided for by the Constitution applies, and the tax title is not subject to attack thereafter,* except on the two grounds stated [referring to prior payment and dual assessment], or where the tax debtor, tax delinquent, or owner has remained in possession of the property after the said tax sale.' "

As conclusively shown by the authorities hereinabove cited, the law here applicable *was* well settled, uniform, and fully understood by the bench and bar prior to the decision of the majority in the instant case.

In this case, as I have hereinabove pointed out, the property described in the tax deed, assessed in the name of the owner, can be reasonably identified. *Therefore under that law the tax title of the defendant is protected by the constitutional period of peremption, and, the Constitution being the paramount authority, that should end the case.*

Furthermore, the identification can be made reasonably without resortng to any evidence outside the public records. The public records themselves disclose that on the date of the assessment and adjudication there was no recorded claim or color of title in the name of Jules Corsey to property in the parish except to this property in Range 8 West; that the property of the same description in Range 9 West had been owned for many years by another; that at the time of the assessment Jules Corsey owned in the parish *only* the property described in his patent, and that property belonging to Jules Corsey had been adjudicated at tax sale to the school board. Since the public records reflect these facts, the principle of law set forth in the Civil Code, Articles 2265 and 2266, and the case of McDuffie v. Walker, 125 La. 152, 51 So. 100, have no application. The assessment was made in the name of the record owner, and the clerical error was so insignificant that anyone examining the public records could reasonably identify the property in the tax deed as that purchased by the plaintiff. Therefore *the public records themselves* would have put the

plaintiff on guard that its title was questionable.

Contrary to the view of the majority, I am of the opinion that appellant and its authors in title were bound by everything that the public records revealed and by the law of this state relative to tax titles, and the fact that the adjudication was made in the name of one of its authors in title, when considered with the law relative to tax titles, of which they were charged with full knowledge, should have put them on notice of the defect in the title.

Further, in a case where evidence outside the public records is necessary for reasonable identification of the property intended to be assessed, *the constitutional period of peremption applies to protect the title* of the tax purchaser under the cited jurisprudence of this state. In such a case, if a third party is involved so that a conflict exists between the constitutional provision and McDuffie v. Walker, supra, the constitutional provision, in my opinion, would be paramount, and the law as announced in that case and subsequently extended by this court must yield to the Constitution.

By disregarding the established jurisprudence relative to tax titles and failing to recognize the Constitution as the paramount authority, the decision of this court allows a third party purchaser with full knowledge of the facts to dispossess a tax purchaser who has been in possession under a tax adjudication for a period in excess of the constitutional peremption, even

though the tax debtor himself could not do so. It can readily be seen, therefore, that the view of the court in this opinion opens the door to all kinds of fraud.

For these reasons I respectfully dissent.

MOISE, Justice (dissenting).

Appellant and its authors in title were bound by everything disclosed by an examination of all the public records, and should not be permitted to take technical advantage of an obvious error appearing in an isolated part of such records, particularly since a mere cursory examination would have disclosed the discrepancy. The description has a typographical error as to range number, but to my mind it is sufficient to identify the property sold because that was the only property in the parish owned by the tax debtor.