498 So.2d 30 (1986)
Lucenda Calahan Hinson WATTERSON
v.
Murdock MAGEE and Jeanette Causey Magee.
No. 84 CA 1199.
Court of Appeal of Louisiana, First Circuit.
September 29, 1986.
Charles Cassidy, Franklinton, for plaintiff.
M. Reggie Simmons, Franklinton, for defendants.
Before GROVER L. COVINGTON, C.J., and WATKINS, SHORTESS, SAVOIE and ALFORD, JJ.
SHORTESS, Judge.
This suit involves a dispute over the ownership of Lot 8 of Square 356 in the town of Franklinton, Louisiana. On April 22, 1983, Murdock Magee and Jeanette Causey Magee (Magees) filed a rule to evict Lucenda Calahan Hinson Watterson (Watterson) from said property. Thereafter, on April 26, 1983, Watterson and Ida Mae Dillon (Dillon) filed a suit against the Magees seeking to reform a recorded deed to correctly reflect their true intentions. Dillon had bought the lot from Watterson, then sold it to the Magees. The Magees answered the Watterson-Dillon suit and filed a reconventional demand seeking to be declared *31 owners of Lot 8 and to recover damages. The suits were consolidated for trial. The trial court reformed the deed from Dillon to Magee so that it did not infringe upon the house and adjoining land of Watterson, and it dismissed the Magees' warranty claim against Dillon. The trial court awarded the Magees $2,500.00 against Dillon and $402.00 against Watterson but dismissed all further claims for damages and split the costs. The Magees have appealed suspensively and seek to have the judgment insofar as it reformed their deed reversed, and they additionally seek further damages.
The lot in question is located at the corner of Twentieth Avenue and Williams Street in Franklinton. On July 12, 1952, Watterson and her late husband purchased for $600.00 the property which is described in the deed:
Lot Eight (8), Square Three Hundred Fifty-six (356), Town of Franklinton, as per official plat of said town on file in the office of the Clerk of Court, fronting 100 feet on Twentieth Avenue and 200 feet on Williams Street.
On September 13, 1972, Watterson conveyed to Dillon, her next-door neighbor, for $2,000.00 the following property:
North Half [N ½] of Lot Seven [7], Square Three Hundred Fifty-Six [356], TOWN OF FRANKLINTON, as per official plat of said Town on file in the office of the Clerk of Court, fronting Fifty feet [50'] on Twentieth Avenue and running back Two Hundred feet [200'].
On March 16, 1976, Watterson and Dillon executed an act of correction to change the property description, as follows:
Lot eight (8), Block 356, Ward 3 City, Town of Franklinton, as per official plat of said town on file in the office of the Clerk of Court for Washington Parish, Louisiana.
Approximately two weeks later, on April 1, 1976, Dillon sold to the Magees the property she had acquired from Watterson. This act of sale described the property as:
Lot eight (8), Block 356, Ward 3 City, Town of Franklinton as per the official plot of said town on file in the office of the Clerk of Court for Washington Parish, Louisiana and further described as being 200 ft. on Williams St. to the corner of Twentieth Ave. and running South on Twentieth Ave. for 100 ft.
Watterson and Dillon executed another act of correction on December 14, 1976,[1] to reflect the error in the first act of correction and stated that they had only intended to convey "the South Half of said Lot 8." Both testified that neither intended to buy or sell the rear (south) portion of Lot 8 occupied by Watterson's home. Rather, their intention was to convey title to the vacant (north) portion of Lot 8 on the corner of Williams Street and Twentieth Avenue. However, Dillon admitted that she never communicated her intent not to sell the south one-half of Lot 8 to the Magees prior to their purchase.
Despite two acts of correction, Watterson and Dillon never correctly identified the one-half of Lot 8 which they intended to convey. The trial judge had to ask the parties to identify on a map the location of the Watterson and Magee homes, then submitted the map as a court exhibit.
The trial judge went beyond the recorded deeds and from the testimony determined that Dillon did not intend to sell all of Lot 8 and that the Magees did not intend to purchase the entire Lot 8. But, from the Magees' perspective, the public records said that Dillon owned all of Lot 8. Dillon conveyed all of Lot 8 to the Magees, who then spent approximately $3,000.00 to clear the title to the lot, and their mortgage with the Farmers Home Administration was on the entire lot.
The public records doctrine holds as public policy that unrecorded contracts are utterly null and void, except between the parties, and that third party purchasers are *32 entitled to rely on the public record despite knowledge of the unrecorded acts. McDuffie v. Walker, 51 So. 100, 105 (La.1909); Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197, 199 (1952); Owen v. Owen, 336 So.2d 782, 788 (La.1976); LeBoeuf v. Malbrough, 188 So.2d 196, 201 (La.App. 1st Cir.1966); Judice-Henry-May Agency, Inc. v. Franklin, 376 So.2d 991, 992 (La.App. 1st Cir.1979), writ denied, 381 So.2d 508 (La.1980).
In applying the public records doctrine, courts can establish no precise criteria to determine which property descriptions are sufficient to put third persons on notice. Basically, the jurisprudence has consistently held that each case is to be decided in the light of its own peculiar facts. The deeds of Dillon and the Magees enable one to locate and identify Lot 8 with certainty without the aid of extrinsic evidence. Although the description of what Dillon intended to convey may have been inaccurate, nothing in the property description would lead one to believe that the Magees bought only one-half of the lot. Indeed, Dillon admitted that she never told them they were buying half the lot. Nor did the deed refer to the vendor's acquisition. Wood v. Morvant, 321 So.2d 914, 918 (La.App. 1st Cir.1975).
For the reasons set forth above, that portion of the trial court's judgment which reformed the deed and split the costs will be reversed.
With regard to the remaining aspects of this case, we agree with the trial court's reasons for judgment which provide as follows:
Murdock and Jeanette Magee are entitled to reimbursement from Lucenda Watterson and Ida Mae Dillon for expenses incurred in clearing the title to Lot 8. Murdock Magee is entitled to recover the sum of $2,500.00 from Ida Mae Dillon representing the amount paid by Magee to John J. Cosner, Jr. to cancel the judgment held by Lynch Chevrolet against Ida Mae Dillon. Additionally, Mr. Magee is entitled to recover from Lucenda Watterson the sum of $402 expended by him to open the Succession of Cyrus Hinson. All other expenses incurred by Mr. Magee in acquiring one-half of Lot 8 were for items benefiting him. No evidence of defamation having been presented this Court, the claim for damages for same is hereby denied.
For all the reasons above stated, there will be judgment in this case in favor of the Magees recognizing them as sole owners of Lot 8, Square 356, Town of Franklinton, Louisiana; there will be judgment in favor of the Magees and against Ida Mae Dillon in the sum of $2,500.00, together with legal interest from date of judicial demand until paid; there will be judgment in favor of the Magees and against Lucenda Calahan Hinson Watterson in the sum of $402.00, together with legal interest from date of judicial demand until paid; and all costs are taxed to Watterson and Dillon.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] This act of correction was recorded on April 25, 1983. The Magees' rule for eviction was brought on April 22, 1983. The petition to reform title by Watterson and Dillon was filed on April 26, 1983.